## DUNAWAY *v.* HODGE.

Where a misdemeanor convict is sentenced by the court in the alternative, directing service upon the chain-gang for the term of 12 months, and to be discharged upon the payment of a fine, it is the duty of the court, in the exercise of its discretion, to prescribe a reasonable time within which to pay the fine. If the court fails to prescribe such reasonable time, the law will allow the convict a reasonable time within which to pay.

(a) Where the court, by inadvertence, prescribes two limits of time within which to pay the fine, which are so conflicting as to be irreconcilable,— as, for instance, (1) "The defendant may be discharged at any time before the end of sentence;" (2) "five days given to pay this fine,"—such conflict will render ineffectual the attempt to prescribe a definite time, and neither provision should be regarded. In such case the law will declare what is a reasonable time.

(b) Under the facts in this case, the alternative fine and costs were tendered within a reasonable time and should have been accepted and the prisoner discharged upon the payment thereof.

Argued October 18,—Decided November 8, 1906.

Habeas corpus. Before Judge Rawlings. Washington superior court. September 25, 1906.

*Sibley & McWhorter*, for plaintiff.

*Marvin L. Gross* and *Evans & Evans*, for defendant.

ATKINSON, J. This is a writ of habeas corpus, brought against the authorities of Washington county, for the discharge of Matthew Willingham from their custody. It appears that Willingham had been convicted of a misdemeanor, in the superior court of Washington county. After his conviction, the court imposed a

sentence upon him as follows: "Whereupon it is ordered that the said Matthew Willingham be and is hereby sentenced to work in the chain-gang on the public works, or on such other works as the county authorities of said county may employ the chain-gang, for the term of 12 months from the date of reception in said chain-gang. The defendant may be discharged at any time before the end of sentence on payment of the sum of $100 all cost, to the proper officers. 5 days given to pay this fine. This 7th day of September, 1906." After five days expired, to wit, on the 22nd day of September, 1906, the said Willingham, through his representative, the plaintiff in this case, made a legal tender of the fine and all costs to the proper officers, and demanded the discharge of the defendant from the custody of the county authorities. The demand was refused and the prisoner held in custody. Upon hearing the application for discharge of the prisoner, the court denied the application, and the plaintiff excepted and assigns error on the refusal. Under the contentions of the parties the whole case turns upon the construction of the sentence of the court. It is contended by the plaintiff in error that the tender of the fine and costs should have been accepted and the prisoner discharged, and by the defendant in error that the limit of time provided in said sentence for the payment of the fine, being five days only, had expired, and that it was not the right of the accused after that time to pay the fine and be discharged.

The Penal Code, §1084, provides that "every fine imposed by the court under the authority of this code shall be paid immediately, or within such reasonable time as the court may grant." While this section is not mandatory with reference to fines which are within the discretion of the court, as in cases of alternative punishments after conviction of misdemeanor, yet it may be borne in mind with a view of determining the policy of the law. In misdemeanor cases it is within the discretion of the court as to whether a fine shall be imposed, to operate as a discharge from prison or work on the chain-gang. It is but reasonable that the court should have like discretion to grant time to the convict within which to pay. It affirmatively appears from the sentence that it was not the intention of the court in any event to require immediate payment. The court, in the exercise of its discretion, undertook to provide a definite future time within which the

defendant should be permitted to pay the fine and be discharged. Unfortunately, in specifying that time, the court made two distinct provisions, which were directly opposed to each other,— one to the effect that the defendant might be discharged at any time before the end of the sentence, on payment of the fine, and the other to the effect that the defendant should have only five days within which to pay the fine. The most reasonable view to take of the case is that the court intended to exercise its discretion by allowing a definite time within which to pay the fine, but by inadvertence, while entering up the judgment, embraced therein the two antagonistic provisions above referred to. In such case, one provision destroys the other, and neither should be held effective. 1 Black on Judgments (2d ed.), Chap. 1, §3, p. 9. In the case of Gage *v.* Downey, 94 Cal. 241, 29 Pac. 635, it was held: "Where a court inadvertently determines two matters standing in such opposition as to be incapable of an harmonious construction, as, for instance, that the same property belongs absolutely to each of two persons, the decision is of no effect." The fact that the court attempted to extend the time for the payment of the fine indicates affirmatively that it was its purpose to grant a reasonable extension. Having failed to specify the particular number of days which the court had in mind to fix the limit of the reasonable time, the matter is left for the law to say what would be a reasonable time. The facts disclose that within fifteen days after the fine was imposed, a legal tender of the fine and all costs was made to the proper authorities. We hold that as a matter of law this tender was within a reasonable time, and, under the alternative sentence of the court, should have been accepted and the prisoner discharged. In the case of *Broomhead* v. *Chisolm,* 47 *Ga.* 393, this court says: "If the court may grant reasonable time where the fine is peremptory (Code, §4565), much more should reasonable time be allowed where the fine is alternative." The code provision referred to there was in the Code of 1868, and should have been §4561, but it was substantially the same as that to which we have referred to in the beginning of this opinion. In the same case the court held: "The judge before whom a prisoner is convicted, in passing an alternative sentence of fine or imprisonment, should fix some reasonable time within which the fine must be paid. If he fail to do so, the convict has at least a reasonable time within

which to pay the fine.　　Where the imprisonment is for four months from the 12th of March, and the fine of $50 is paid on the 2nd of April, the time is not unreasonable." We think that decision controls this case. It was a matter of discretion with the trial judge as to whether he should impose a sentence in the alternative. When, in the exercise of that discretion, he did impose an alternative sentence, the law required him to give reasonable time within which to pay the fine; and whether the judgment be silent as to an intent to grant time or whether it show affirmatively, as in the present case, that there was an intent to grant time, though by mistake no definite time was fixed, the law would allow the defendant a reasonable time within which to pay.

*Judgment reversed, with direction that defendant be permitted to pay his fine and costs of court, and then to be discharged; otherwise to be held in custody. All the Justices concur, except Evans and Beck, JJ., who dissent.*