STATE OF HAWAII *v.* CHARLES KUI CHING.

No. 4245.

November 9, 1962.

Tsukiyama, C.J., Cassidy, Wirtz, Lewis
and Mizuha, JJ.

OPINION OF THE COURT BY TSUKIYAMA, C.J.

Defendant was indicted for the crime of indecent assault on a female child under twelve years of age. Upon his plea of guilty, he was convicted and sentenced by the First Circuit Court to imprisonment for a term of five years, the maximum under the applicable statute. He is now here on appeal, requesting this court to exercise its revisory power under R.L.H. 1955, § 212-14, and by suspending the imposition or execution of the sentence, to place him on probation.

It appears from the report of a presentence investigation that defendant is approximately sixty years old, married, with three children now adults, and operates a

small wholesale store. With a high school education, he has managed his business enterprise fairly well and accumulated some real property.

Sometime in late 1959 when a neighbor's daughter (who will be referred to as Ann here) was ten years old, defendant began to take an improper interest in her. Such interest progressively intensified and he managed, by making monetary and other gifts from time to time, to gain her confidence to the extent that she frequently visited him at his home and he too met her after school, drove her to a shopping center to purchase gifts for her, and there fondled her in his parked car. On several occasions, he vented his sensual emotions by squeezing her breasts and running his hand over her dress near her crotch. It further appears from the report that in one of the early stages, while defendant was dressing in his room, he placed Ann's hand near his private organ.

Defendant's attachment to Ann became known to her parents when they discovered the monetary gifts she had accumulated and were also informed by Ann's younger brother that defendant had shown her some obscene pictures.

The pyschiatrist to whom defendant was referred for examination reported, among other things, that "This appears to be a frightened, sexually inadequate male who allowed lust to interfere with what has been normally good judgment." In concluding the report, he recommended that "sustained contact with the probation counselor for several years will effectively serve to prevent any recurrence" and that "severe punishment would not be necessary and beneficial in this case."

Defendant in this appeal does not question the legality of the trial court's sentence of imprisonment, nor does he seek mitigation in the sense of reducing the term to a lesser number of years. It is recognized that R.L.H. 1955,

§ 309-17, provides for a punishment by fine of not more than $1,000 or imprisonment for not more than five years or both, for the crime of indecent assault on a female child under the age of twelve years.

The sole contention advanced by defendant is that the trial court abused its discretion in not suspending the imposition or execution of the sentence and placing him on probation. This is specified as error.

In the imposition of an indeterminate sentence of imprisonment for a felony conviction, the law mandatorily requires the court to impose the maximum term prescribed for the particular crime. The minimum term is subsequently fixed by the board of paroles and pardons, subject to the approval or modification thereof by the trial court. R.L.H. 1955, § 258-52. The trial court, moreover, is authorized under § 258-53 to suspend the imposition or execution of sentence, in full or in part, and place the defendant upon probation.

This court has already ruled that the matter of sentence rests peculiarly within the discretionary province of the trial court, but that when it does decide to impose a prison sentence, it has no alternative under the law but to impose the maximum term prescribed for the particular crime. *State* v. *Sacoco* and *State* v. *Cuaresma,* 45 Haw. 288, 367 P.2d 11.

Defendant argues, however, that there was an abuse of discretion when the trial court sentenced him to the maximum term of five years instead of placing him on probation. The contention is based upon the ground that the indecent assault in the instant case was not so odiously offensive as in *Sacoco* and *Cuaresma*. First, in the matter of the five-year term, this court need go no further than to say that there can be no abuse when the trial court is mandated by statute to impose the maximum. There can be no abuse of discretion where there is no discretion. Secondly,

in the matter of placing defendant on probation, § 258-53 aforesaid vests in the trial court a wide latitude of discretion by providing that it may do so "when it appears to its satisfaction that the ends of justice * * * will be subserved thereby, * * *."

The language "to its satisfaction" is clearly not an idle phrase. Legislatively, it is a common practice to use the word "may" to indicate discretionary authority. In this instance, however, the legislature obviously employed the above phrase along with the word "may" to give added emphasis to the power reposed in the trial court to exercise a wide discretion in determining whether a convicted person should be incarcerated or placed on probation. Such power the trial court did exercise in the case at bar, manifestly on the basis of its own analysis and study of the reported facts and the conclusion it reached to its satisfaction.

The cases cited by defendant, *e.g., Territory* v. *Chong,* 36 Haw. 537, *Territory* v. *Kunimoto,* 37 Haw. 591, *Territory* v. *Oshiro,* 39 Haw. 303, and *Territory* v. *Idemoto,* 39 Haw. 152, were all misdemeanor cases in which the statute relating to indeterminate sentence of imprisonment had no application. Moreover, it is noted that in none of those cases did this court modify the trial court's sentence to the extent of totally suspending the imposition or execution of sentence.

As stated in *Sacoco* and *Cuaresma, supra,* this court will not substitute its own discretion for that of the trial court exercised under sanction of law. In this case the court is importuned to vitiate the effect of the sentence imposed and vicariously to exercise for the trial court the discretion of placing defendant on probation. We are firmly of the opinion that R.L.H. 1955, § 212-14, which authorizes this court to correct and reduce an excessive sentence, does not contemplate nor did the legislature in-

tend that this court may nullify or neutralize the express provisions of the law, insofar as they apply to the imposition of an indeterminate sentence of imprisonment or to the exercise of discretion in the matter of granting probation.

In the absence of a clear showing of unusual and exceptional circumstances evincing a palpable abuse, this court finds no warrant to overturn the exercise by a trial court of the discretion vested in it under § 258-53. Indeed, on the basis of the record in this case, there would be no justification for this court to consider such action.

Judgment is accordingly affirmed.

*Walter M. Heen* for defendant-appellant.

*Mack H. Hamada,* Deputy Prosecuting Attorney, City and County of Honolulu (*John H. Peters,* Prosecuting Attorney), for plaintiff-appellee.