STATE OF HAWAII *v.* GEORGE TACKETT.

No. 5001.

MARCH 31, 1971.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

This appeal comes from an order of the Circuit Court of the Third Circuit on June 19, 1970 affirming the judgment and sentence of the district magistrate, District

Court of Kona. Following his conviction at trial for the crime of larceny, appellant George Tackett was sentenced to serve thirty days in jail, fifteen days suspended for thirteen months, and to pay a fine of $100, $50 suspended for thirteen months. The District Court of Kona found that Tackett, because of indigency, was unable to pay any or all of the $50 fine which was not suspended and ordered that he serve ten days' imprisonment pursuant to HRS § 712-5[1] in lieu of payment of the fine. Appellant's argument challenges on several grounds. the constitutionality of this statute.[2]

In agreeing on HRS § 712-5's constitutional infirmity, we need consider only one attack advanced by appellant, that of equal protection. Equal justice is clearly lacking where an indigent like Tackett suffers imprisonment solely because of a financial inability to pay for liberty while his more prosperous counterpart avoids confinement. Such disparity of punishment contravenes the Equal Protection Clause of the Fourteenth Amendment to the Federal Constitution. *Tate* v. *Short,* 39 U.S.L.W. 4301 (U.S. Mar. 2, 1971) ; *Morris* v. *Schoonfield,* 399 U.S. 508 (1970) ; *Williams* v. *Illinois,* 399 U.S. 235 (1970). Such disparity also contravenes Article I, Sec. 4 of the Hawaii State Constitution.

---

[1] HRS § 712-5 provides:

"Working out by imprisonment. When any person is so sentenced to pay a fine and costs on either of them and is imprisoned for nonpayment of the same, the time of the imprisonment shall be deemed to discharge the same at the rate of $5 a day."

[2] Although not applying to appellant, and hence not squarely in issue, our ruling on HRS § 712-5, n.1 *supra,* will necessarily have like effect on the constitutionality of HRS § 712-4, Imprisonment for fine or costs; poor convict, which in summary provides:

When a judgment to pay a fine is not satisfied by immediate payment, the offender shall be committed to prison until judgment is satisfied.

A poor person, after having been confined for thirty days, solely for the nonpayment of a fine, may make application to the circuit court for the circuit in which he is imprisoned for release. The person may then be discharged upon taking an oath swearing to his indigency.

We emphatically reject, however, the notion that justice could be achieved by eliminating the alternative of a fine and uniformly imprisoning all convicted defendants. The abolition of fines would deprive the sentencing process of much flexibility, for this form of punishment can be easily tailored to the individual defendant so as to avoid injustice. To impose imprisonment in every case would leave an indigent's plight unchanged and promote an inverse discrimination, because the employed man with funds would suffer a greater penalty.

Should a fine be appropriate, there are methods less discriminatory than imprisonment by which the State may collect from impecunious offenders.[3] Moreover, these other methods should result in a savings to the State in prison maintenance expenses sufficient to outweigh any increased cost of collecting the fine.[4]

Therefore, the order of the trial court is reversed and the sentence of imprisonment in lieu of appellant's fine is hereby vacated. Further disposition pursuant to this opinion may be ordered by the sentencing authority.

*Steven K. Christensen,* Deputy Public Defender (*Brook Hart,* Public Defender, with him on the brief), for defendant-appellant.

*Paul M. De Silva,* Deputy Prosecuting Attorney (*Yoshito Tanaka,* Prosecuting Attorney with him on the brief), for plaintiff-appellee.

---

[3] Some states with an installment procedure for paying fines are noted in Tate v. Short, *supra* at 4302, n.5.

Another suggested alternative is a work parole system to enable a fined, non-contumacious indigent to earn funds, or to force a solvent but refusing defendant to pay his fine. Williams v. Illinois, *supra* at 244-45, n.21. Note, *The Equal Protection Clause and Imprisonment of the Indigent for Nonpayment of Fines,* 64 Mich. L. Rev. 938 (1966) at 946.

In the case of a contumacious defendant, many states now statutorily provide for such a work program. See Note, *Imprisonment for Nonpayment of Fines and Costs: A New Look at the Law and the Constitution,* 22 Vand. L. Rev. 611 (1969) at 627.

[4] The daily per capita cost for each inmate at Oahu State Prison for the year 1969-70 was $19.86 (a figure reported by the Hawaii State Government, Department of Social Services, Corrections Division and computed from the Budget for Corrections Division, Fiscal Year 1969-70).