No. 12335

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

THE STATE OF MONTANA,

                    Plaintiff and Respondent,

    -vs-

CHING WENKE LINTZ,

                    Defendant and Appellant.

---

Appeal from: District Court of the Eleventh Judicial,
            Honorable Robert S. Keller, Judge presiding.

Counsel of Record:

    For Appellant:

        Patrick Springer and David L. Astle, Kalispell, Montana.
        David L. Astle argued, Kalispell, Montana.

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena, Montana.
        J. C. Weingartner, Assistant Attorney General, argued,
        Helena, Montana.
        H. James Oleson, County Attorney, argued, Kalispell,
        Montana.

---

                            Submitted: March 29, 1973

                            Decided: APR 17 1973

Filed: APR 17 1973

*Thomas J. Kearney*
                            Clerk

Honorable Jack Shanstrom, District Judge, sitting in place of Mr. Chief Justice James T. Harrison, delivered the Opinion of the Court.

This appeal is taken from a judgment in the district court for Flathead County revoking a three year deferred imposition of sentence of the appellant, and sentencing him to 15 years in the Montana State Prison.

The appeal was brought to this court on a transcript prepared from various Court hearings. The hearings which are pertinent to this appeal are as follows: April 19, 1972, at which time the appellant changed his plea from not guilty to guilty on the sale of dangerous drugs; May 17, 1972, presentence hearing pursuant to a plea of guilty by the appellant to the charge of criminal sale of dangerous drugs; May 30, 1972, the jury trial of John Bristow; June 2, 1972, the hearing on the petition for revocation of the deferred imposition of sentence.

The appellant was charged with the criminal sale of dangerous drugs, to-wit, marihuana, a felony. His arrest came as a result of efforts by an undercover narcotics team working in the Kalispell area. At the time of arraignment appellant entered a plea of not guilty, but subsequently changed his plea to guilty on April 19, 1972. Whereupon the court set the time for hearing in aggravation and mitigation of sentence, and heard the same on May 17, 1972. At the time of the hearing the appellant testified as to his involvement, the source of his supply, and the involvement of another invidivual, namely, John Bristow, who likewise faced criminal charges in Flathead County. At the close of the presentence hearing the court made the following statement from the bench:

> " * * * Now that you no longer have the presumption and you can now be sentenced to the State Prison at Deer Lodge, I want you to know that I intend to defer imposition of sentence, notwithstanding that, and I want

- 2 -

you to know why I intend to do it.  Because
you have testified with reluctance, but candid-
ly, with respect to the involvement and impli-
cation of John Bristow, and I expect to see
your testimony at the trial of Joun (sic) Bristow,
or at his pre-sentence hearing, and if it is not
there, your imposition is going to be revoked on
the basis of perjury or lack of cooperation, one
of the two.  Do you understand that?

"THE DEFENDANT:  Yes."

However, this language was not contained in the written

judgment deferring the imposition of sentence for three years,

dated May 17, 1972.

The appellant was called by the state to testify at

the subsequent trial of John Bristow on May 30, 1972.  During

the time that he was testifying he seemed to suffer from a lack

of memory and at other times took the Fifth Amendment and gen-

erally refused to testify the same as he did on his presentence

hearing on May 17, 1972.

Immediately after the testimony of the appellant at

John Bristow's trial a petition to revoke the appellant's deferred

sentence was filed, and the court set a hearing for June 2, 1972.

The court took judicial notice of the prior hearings and heard

additional testimony and evidence presented at the hearing for

the revocation of the deferred imposition of sentence.  The court

revoked the deferred sentence and sentenced the appellant to 15

years in the State Prison.  It is from this action that the appel-

lant now appeals.

The issue presented in this case is whether the district

judge could properly revoke the deferred sentence of the appel-

lant for his refusal to cooperate at the trial of John Bristow,

even though this condition was not specifically set out in the

court judgment.

During the sentencing proceeding on May 17, 1972, the

district court did verbally set out the condition that the

appellant would be expected to cooperate at the trial of John Bristow. The court's attention is directed to page 44 of the transcript. It is clear from the transcript that the appellant at John Bristow's trial on May 30, 1972, just 13 days after appellant's sentencing, was not cooperative. He refused to testify on grounds of further incrimination, was evasive, forgetful and uncooperative to the State of Montana in the prosecution of John Bristow, and in general did not comply with the conditions set down by the district court on May 17, 1972.

In Kaplan v. United States, 234 F.2d 345 (8th Cir. 1956), the defendant was convicted of narcotics sales and was placed on probation. The court ordered the defendant to appear before a grand jury and disclose the source of his narcotics purchases, to which the defendant refused to do. His probation was revoked. The court said:

> "We have here, then, the situation of a defendant who, while on probation, was specifically ordered by the court to appear before the grand jury and disclose the source of his heroin purchases and who refused in the presence of the court to follow such orders. Completely regardless of the subsequent contempt proceedings, this was of itself sufficient justification for revoking probation. Here was a specific order of the court to do a certain thing-- disclose information needed in a grand jury's investigation of illegal traffic in narcotics. In effect, it could be considered as an additional condition of probation, even though it was not included in the original written conditions. * * * No claim of constitutional privilege was or could have been maintained. To hold that such a specific refusal to follow the court's order was not a violation of probation could lead to rather bizarre results in that every contingency would need be anticipated and might have the effect of limiting the use of probation. Campbell v. Aderhold, D.C.N.D.Ga., 1929, 36 F.2d 366, 367."
> (Emphasis supplied)

The transcript of the presentence hearing is replete with statements of the appellant that he understood his testimony would be expected to be given at the trial of John Bristow,

- 4 -

and undoubtedly this was one of the reasons the court gave him the deferred sentence. By refusing to cooperate at the time of trial it appears that the appellant was deliberately misleading or deceiving the court at the time of the sentencing, and deceit, untruthfulness and deception are always grounds for revoking the deferred sentence. Also, it is not necessary that all conditions of probation be in writing, nor need they specifically be "conditions of probation". All that is required is that the appellant must understand the conditions.

At the time of oral argument in this case, it was revealed that the appellant, through counsel, had applied to the Sentence Review Division of this Court for a reduction in sentence under section 95-2503, R.C.M. 1947; and the Sentence Review Division has, in fact, ordered the sentence reduced to 7-1/2 years. We do not here hold that such an application during the time of appeal amounts to a waiver or raises an estoppel to a challenge against the legality of the sentence, but suggest to counsel that such might properly be ruled upon.

The district court did not abuse its discretion and the order revoking the deferred imposition of sentence is hereby affirmed.

_____
Hon. Jack Shanstrom, district
judge, sitting in place of Mr.
Chief Justice James T. Harrison.

We concur:

_____

_____

_____
Associate Justices

- 5 -