STATE OF HAWAII, Plaintiff-Appellee *v.* DAVID V. HUG-GETT, Defendant-Appellant

NO. 5511

AUGUST 27, 1974

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR, JJ.,
AND CIRCUIT JUDGE T. SODETANI IN PLACE OF LEVINSON, J.,
DISQUALIFIED

OPINION OF THE COURT BY MENOR, J.

On December 8, 1971, the defendant was charged in a three count indictment with the sale, disposition, or possession (with the intent to sell same) of a narcotic drug. He entered a plea of guilty to two counts on May 5, 1972, and the remaining count was thereafter dismissed on motion of the State. A pre-sentence investigation was ordered and report thereof made to the trial court. On June 23, 1972, the defendant, together with his counsel, appeared for sentencing, at which time he was placed on probation for three years upon special condition that he pay a fine of $1000, the payment of $800 of which was suspended during the period of probation. A further special condition was a one-year jail term, also suspended during the probationary period.[1]

On June 27, 1972, the defendant telephoned his probation officer, John Hamano, and advised him that he had been placed on probation for a period of three years and that he had also been ordered to pay a fine of $200.00. Mr. Hamano informed the defendant that he would be communicating with him in a few weeks in order that he (the defendant) could

---

[1] The trial court pronounced sentence as follows:

THE COURT: Very well. The court is ready to impose sentence at this time.

It is the judgment and sentence of this court that as to Count I, the imposition of sentence is suspended and the defendant placed on probation for a period of three years, and as a special condition of the probation the defendant is fined $1,000.00, $800.00 of which is suspended during the period of the probation so that the effective fine is $200.00, and also the defendant is sentenced to one year in jail, the one year in jail is suspended for the period of the probation so that the defendant will not be spending any time in jail at the present time.

Now, Mr. Huggett, I have hanging over your head one year in jail and a thousand-dollar fine. You do this again and I will certainly impose that sentence. Right now I'm imposing a $200.00 fine plus probation for two [sic] years, but remember that do not engage in this type of activity. Do you understand that?

DEFENDANT: Yes.

come in to sign the order setting forth the terms and conditions of probation. He asked for and was given the defendant's address and phone number. Mr. Hamano also instructed the defendant to notify him of any change in the latter's address, phone number, or employment status.

The written judgment of conviction was filed on June 27, 1972. Mr. Hamano received his copy on July 20, 1972. He thereafter attempted to contact the defendant at the address earlier given him, but he was informed that the defendant had moved without leaving a forwarding address. Subsequent attempts by Mr. Hamano to locate the defendant proved fruitless.

The order setting forth the terms and conditions of probation was filed, without the defendant's signature, on September 14, 1972. The State's motion for suspension of the defendant's probation and an order approving the same were filed on December 21, 1972. On June 5, 1973, the court received a communication from the Third Circuit Court in Hilo, revealing that the defendant was then present on the island of Hawaii. A warrant was thereupon issued for his arrest. Thereafter, on June 25, 1973, the State moved to revoke his probation. The motion and supporting affidavit and summons were duly served upon the defendant, through his counsel.

After a hearing on the motion in which the defendant and his counsel actively participated, the trial court found the defendant to have violated the terms of his probation by failing to inform his probation officer of his change of address and phone number, and by failing to pay the fine of $200.[2]

Despite these express findings, however, the trial court denied the State's motion for revocation of probation. Instead

---

[2] The trial court said:

. . . It is quite clear that the defendant knew of his obligation to the Probation Office when he took it upon himself to call the probation officer, Mr. Hamano, some two or three days subsequent to the — two or three working days subsequent to the time that he was before this Court for sentencing. And at that time he was expressly instructed by the probation officer to inform the probation officer in the event he should change his place of residence or telephone number. This, the defendant has completely failed to do and as a result, thereafter the probation officer had no way of actually contacting the defendant either directly in person or through some media such as the telephone.

it modified the original conditions of probation, by suspending the payment of $500 of the original fine, and by ordering jail confinement for a period of ten months. Strictly speaking, then, this is not an appeal from an order revoking probation, but from an order modifying conditions of probation. However, the considerations and the criteria guiding the actions of the court below are, in both cases, the same.[3]

"No criteria for modification or revocation are suggested which are in addition to, or different from, those which pertain to the original grant [of probation]. The question in both cases is whether the court is satisfied that its action will subserve the ends of justice and the best interests of both the public and the defendant." *Burns v. United States*, 287 U.S. 216, 221 (1932).

Whether probation should be granted, revoked, or modified lies solely within the discretion of the sentencing court. The only question before this court on review is whether or not there has been an abuse of that judicial discretion. *Burns v. United States, supra; Trueblood Longknife v. United States*, 381 F.2d 17 (9th Cir. 1967), *cert. den.* 390 U.S. 926; *State v. Sacoco and Cuaresma*, 45 Haw. 288, 367 P.2d 11 (1962); *State v. Ching*, 46 Haw. 135, 376 P.2d 379 (1962).

While the power of the court to revoke or to modify the conditions of probation is well established,[4] the exercise of this authority must rest upon the sound and enlightened

---

Defendant thereafter absented himself from contact with the Probation Office although this Court had ordered him in the presence of the Court that he is to be placed on probation and that he was to pay a fine which he understood to be $200.00, none of which he has done and, therefore, the Court finds from all of the evidence in this case and the conduct of the defendant before this Court that the defendant was in violation of the order of probation by this Court.

[3] The sentencing court in revoking probation or increasing its sanctions by way of modifying the conditions of probation, is to be guided by the requirements as set forth in HRS § 706-627 as follows:

The court shall not revoke a probation or suspension of sentence or increase the requirements imposed thereby on the defendant except after a hearing upon written notice to the defendant of the grounds on which such action is proposed. The defendant shall have the right to hear and controvert the evidence against him, to offer evidence in his defense, and to be represented by counsel.

[4] HRS § 711-71. *See also* HRS § 706-625 and 628.

judgment of the trial court.[5] And where the record reflects justifiable cause for the revocation or the modification of probation terms, the trial court's determination will be sustained. *Davis v. Parker*, 293 F.Supp. 1388 (D. Del. 1968); *Burns v. United States, supra; Trueblood Longknife v. United States, supra; United States v. Ecton*, 454 F.2d 464 (9th Cir. 1972).

The defendant contends that he was never expressly informed by his probation officer that reporting his change of address and phone number was a condition of his probation. Accordingly, he argues that the circuit court could not have found him in violation of a condition of probation which he did not even know existed.

We find the defendant's argument wholly without merit. His post-sentencing conduct is always a relevant factor in revocation or modification proceedings. The defendant was fully advised[6] of the fact (1) that he had been placed on probation by the court for a period of three years, and (2) that he was required to pay a fine of $200. Furthermore, the defendant was told by one he knew to be his probation officer that he was to keep him advised of his current address, telephone number, and employment status. In view of the circumstances, what in another context might appear to be a casual request became clearly engrafted upon the situation as a requirement imposed upon the probationer. The defendant should have known that his probation involved supervision by the court in the person of his probation officer, and such supervision would be defeated by his failure to advise the probation officer of his whereabouts. In *Burns v. United States, supra*, the Court said:

"The duty placed upon the probation officer to furnish to

---

[5] Burns v. United States, *supra*. Escoe v. Zerbst, 295 U.S. 490 (1935). *See also* Ohio Bell Telephone Co. v. Comm'n, 301 U.S. 292, 302 (1937) where Mr. Justice Cardozo characterizes the "protection of the individual against arbitrary action" as the very essence of the Due Process Clause.

[6] The oral pronouncement of sentence constitutes the judgment of the court. The written order is merely evidence thereof. *See e.g.,* United States v. Mason, 440 F.2d 1293 (10th Cir. 1971); Borum v. United States, 409 F.2d 433 (D.C. Cir. 1967), *cert. denied*, 395 U.S. 916 (1969). For purposes of appeal, however, *see* State v. Ferreira, 54 Haw. 485, 510 P.2d 88 (1973); State v. Dawson, 54 Haw. 400, 507 P.2d 723 (1973).

each probationer under his supervision 'a written statement of the conditions of probation' and to 'instruct him regarding the same' cannot be deemed to restrict the court's discretion in modifying the terms of probation or in revoking it.''

Commenting on this particular point, the Court in *Davis v. Parker*, supra at 1392, stated:

"The Court [in *Burns v. United States*] also made it clear that the mere failure of a probation officer to inform a defendant of matters pertaining to probation does not prevent a court from revoking probation *for cause*." (Emphasis added)

In *Davis* the written judgment was never seen by the defendant. Like the defendant in this case he neither saw nor signed the written conditions of probation applicable to him.

In *State v. Lintz*, Mont., 509 P.2d 13 (1973) the court stated:

"[I]t is not necessary that all conditions of probation be in writing, nor need they specifically be 'conditions of probation.' All that is required is that the appellant must understand the conditions.'' Id. 509 P.2d at 15-16.

The defendant here knew that he had yet to receive the formal written terms of his probation from Mr. Hamano. By changing his residence and leaving no forwarding address the defendant effectively foreclosed the court's supervision of him as a probationer. Regardless of how he understood Mr. Hamano's request, he cannot now claim that there could be no violation where he was not apprised of the terms, especially where it was the defendant's conduct which prevented his apprisal.

We hold, nevertheless, that the mere failure of the defendant to keep his probation officer informed of his whereabouts was not, under the circumstances, sufficient cause for the imposition of the weighty sanctions applied by the trial court. He did not leave the jurisdiction of the sentencing court in the technical sense. The latter is a court of general jurisdiction, and the defendant throughout was amenable to process issuable out of that court. The defendant did not go into hiding, and at various times was gainfully employed in

another judicial circuit within the State.

The trial court further found, however, that the defendant was in violation of his probation in that he had failed to pay the $200 fine. While the court in its oral pronouncement of sentence and in its written judgment did not specify when the fine was to be paid,[7] at the very least it should have been paid within a reasonable time from the date sentence was pronounced. *Abram v. Maples,* 10 Ga. App. 137, 72 S.E. 932 (1911), *citing Dunaway v. Hodge,* 127 Ga. 690, 55 S.E. 483 (1906) and *Broomhead v. Chisolm,* 47 Ga. 390, (1872). The defendant was placed on probation on June 23, 1972. The motion for revocation of probation was heard on June 29, 1973. For an entire year, the defendant had made no attempt whatsoever to pay any part of the fine, the payment of which was made a special condition of his probation. This is conduct pertinent to the question of whether or not the defendant's actions while on probation have been up to the express demands of his probation. Moreover, it is conduct which, if found to be wilful and contumacious, could constitute sufficient ground for revocation of probation. *Cf.* HRS § 706-644.

The trial court properly found that the defendant was in violation of an express condition of his probation, for failure to pay the fine. But the court should have further explored this particular area. The incarceration of the defendant solely on the basis of his inability to pay the fine would be wholly lacking in constitutional validity. *State v. Tackett,* 52 Haw. 601, 483 P.2d 191 (1971) (imprisonment in lieu of payment of fine denies indigent equal protection of the law). *See United States v. Wilson,* 469 F.2d 368 (2nd Cir. 1972); *United States v. Taylor,* 321 F.2d 339 (4th Cir. 1963).

In *Taylor* a condition of probation was the payment of a fine within a specified time. In holding that the bare non-payment of a fine was not conclusive of disobedience of probation terms, the court said:

> "If actually [defendant] endeavored in good faith, though in vain, to keep the commandment of the orders, his unsuccess would not subject him to the imprisonment

---

[7] Present law (HRS § 706-642) provides that unless otherwise specified by the court, the fine shall be payable forthwith.

as of course. Bald failure would not necessarily be a transgression . . . . Revocation rests in the sound discretion of the trial court, but it is to be justifiably exercised. (citations omitted) If in reality he was too poor to pay, not to blame for it, and sincere in the try, his probation is not beyond redemption.'' (321 F.2d at 341).

At the hearing on the motion for revocation of probation, however, it was incumbent upon the defendant to show that his failure to pay the fine was not the result of contumacious attitude or conduct. HRS § 706-644. This he failed to do. Nevertheless, the record discloses that at the time of his sentencing the defendant was represented by court-appointed counsel and was not then gainfully employed. Moreover, while we have noted that the fine should have been paid within a reasonable time following the date of sentencing, the fact remains that the court failed to give the defendant specific directions as to how and when the fine was to be paid.

Given the existing state of the record, the present order of incarceration appears unduly harsh under the circumstances. The defendant should be afforded a rehearing to enable the court to determine whether, considering the totality of the circumstances, his post-sentencing conduct was wilfully and deliberately subversive of exemplary probationary behavior.

Even absent a completely satisfactory showing of justification for the defendant's overall conduct, a term of imprisonment as a special condition of probation, if at all warranted, should be commensurate with the ends of justice sought to be attained, considering the best interests of both the public and the defendant. *Burns v. United States, supra.*

That portion of the order and judgment requiring that the defendant be confined for ten months as a special condition of his probation is vacated, and the case is remanded for further proceedings consistent herewith. The order denying the defendant's motion for allowance of appeal in forma pauperis is overruled. In all other respects, the actions of the trial court are affirmed.

*Steven Levinson,* for defendant-appellant.

*George Kaeo*, Deputy Prosecuting Attorney *(Barry Chung*, Prosecuting Attorney, of counsel) for plaintiff-appellee.