COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


JOHN T. POFFENBARGER

v.    Record No. 1307-95-1          MEMORANDUM OPINION[*] BY
                                     JUDGE WILLIAM H. HODGES
COMMONWEALTH OF VIRGINIA                   MAY 7, 1996


        FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                Dennis F. McMurran, Judge

        Dianne G. Ringer, Assistant Public Defender,
        for appellant.

        Steven A. Witmer, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


        John T. Poffenbarger appeals the revocation of his suspended

sentence.  He contends that the trial court abused its discretion

in considering his new convictions in determining whether he had

violated his probation, where the convictions were for offenses

which predated the start of his probationary period.  We find no

reversible error, and therefore affirm the trial court's

judgment.

                        Background

        On July 16, 1993, Poffenbarger was sentenced upon a

conviction for larceny of a firearm.  No presentence report was

prepared.

        Poffenbarger failed to report to his probation officer,

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Derek E. Hunt.  As a result, on August 19, 1993, Hunt submitted a probation violation report to the court.  On February 24, 1994, Hunt submitted an addendum to the probation violation report.  In the addendum, Hunt stated that Poffenbarger had violated Condition 1 of the suspension by being convicted of forgery in Norfolk Circuit Court on November 19, 1993.

On August 4, 1994, a new probation officer, Mitzi P. Cartwright, submitted another addendum to the probation violation report.  That report read, in part:

> The purpose of this addendum is to advise the Court that although subject was convicted on that Forgery charge in Norfolk Circuit Court and additionally was convicted and sentenced for Forgery in Suffolk Circuit Court on May 19, 1994, both of the offense dates for these offenses occurred prior to July 16, 1993, and therefore, cannot be used as violation information.  However, subject remains in violation of Condition #1 in that on April 19, 1994, he was convicted in Portsmouth Circuit Court on two counts of Forgery and two counts of Petit Larceny before Judge L. Cleaves Manning.  The offense date for these offenses was July 27, 1993.

At the June 15, 1995 revocation hearing, Poffenbarger argued that it was improper for the court to consider offenses committed prior to July 16, 1993 as a basis for revocation.  The court rejected this argument, finding that the offenses could serve as a basis for revocation as long as Poffenbarger was convicted of the offenses after July 16, 1993.  The court also stated that if it had been aware of the pending charges on July 16, 1993, then it "probably would have rejected the plea agreement" entered into

2

by the parties.

The court revoked the suspended sentence, sentenced Poffenbarger to confinement in the Portsmouth City Jail for six months, and, upon his release, placed him on three years supervised probation.

## Analysis

Poffenbarger argues that the court erred in considering, as a basis for revocation, those offenses which occurred prior to entry of the July 16, 1993 sentencing order. The Commonwealth, on the other hand, contends that the court could consider those offenses because Poffenbarger had concealed the pending charges at the time of the sentencing hearing. As such, the Commonwealth argues, Poffenbarger perpetrated a fraud upon the court, and the court could properly revoke his probation.

> It is well settled that
>> [t]he term of suspension of a sentence generally commences on the day of entry of the order imposing the suspended sentence. The suspension of a sentence may be revoked upon a showing that its terms have been violated. Generally, where the suspension is conditioned upon future good conduct, the revocation of the suspension must be predicated upon a showing of conduct which occurs subsequent to the imposition of the suspended sentence.
>>
>> * * * * * * *
>>
>> An exception to the foregoing general rule is recognized in cases involving fraud on a court.

Bryce v. Commonwealth, 13 Va. App. 589, 590-91, 414 S.E.2d 417,

418 (1992) (citation omitted).

> Deceit, untruthfulness and deception at the time of the sentencing are always grounds for revoking a suspended sentence. State v. Lintz, 162 Mont. 102, 106, 509 P.2d 13, 15 (1973). There is "significant authority for the proposition that a trial court has the discretion to revoke probation if information is discovered which, had it been known at the time of sentencing, would have led the trial court to deny probation." State v. Darrin, 325 N.W.2d 110, 113 (Iowa 1982); see also Annotation: Revocation of Probation Based on Defendant's Misrepresentation or Concealment of Information From Trial Court, 36 A.L.R.4th 1175 (1985).

Cottrell v. Commonwealth, 12 Va. App. 570, 574, 405 S.E.2d 438, 441 (1991).

Here, the trial judge at the time of sentencing was unaware of Poffenbarger's pending charges. However, nothing in this record indicates that his lack of awareness was attributable to any "deceit, untruthfulness [or] deception" on the part of Poffenbarger. Accordingly, the Commonwealth's fraud argument lacks merit, and the trial judge erred in considering the offenses which occurred prior to sentencing.

> In this case, however, the court's error was harmless. A nonconstitutional error is harmless if "it plainly appears from the record and the evidence given at trial that the error did not affect the verdict." Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact finding function, that had the error not occurred, the verdict would have been the same." Id.

4

Scott v. Commonwealth, 18 Va. App. 692, 695, 446 S.E.2d 619, 620 (1994).

Here, the court had before it evidence of other grounds that would justify revocation of Poffenbarger's suspended sentence: (a) his failure to report to his probation officer, and (b) four convictions for offenses which occurred on July 27, 1993. In light of this evidence, we conclude "that had the error not occurred, the verdict would have been the same." Under these circumstances, and upon our review of the record, it is clear that the trial court, despite its error, would have revoked Poffenbarger's suspended sentence, and that Poffenbarger could not have hoped for any better result than revocation of a mere six months of that suspended sentence.

Affirmed.