STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ARTHUR GOINGS, JR., Defendant-Appellant.
Nos. 26128, 26135, 26136, 26137
Intermediate Court of Appeals of Hawaii.
November 28, 2008.
On the briefs:
Benjamin E. Lowenthal, for Defendant-Appellant.
Renee Ishikawa Delizo, Deputy Prosecuting Attorney, County of Maui, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER

NOT FOR PUBLICATION
RECKTENWALD, C.J., FOLEY and NAKAMURA, JJ.
Defendant-Appellant Arthur Goings, Jr. (Goings) appeals from the Orders of Resentencing Revocation of Probation filed on June 12, 2003 in FC-CR No. 01-1-0831, FC-CR No. 01-1-0924, FC-CR No. 01-1-1055, and FC-CR No. 01-1-1100 (the underlying cases) in the Family Court of the Second Circuit (family court).[1] These four appeals (Nos. 26128, 26135, 26136, and 26137, respectively) were consolidated under Appeal No. 26128 by order filed on September 9, 2005 in the Hawai`i Supreme Court.
On appeal, Goings contends the family court (1) erred by failing to appoint substitute counsel for him after allowing his defense counsel to withdraw after his probation revocation and resentencing and (2) abused its discretion in revoking his probation.
On September 4, 2001, Petitioner filed a Temporary Restraining Order (TRO) in FC-DA No. 01-1-0457 against Goings that prohibited any contact by Goings with Petitioner. On September 18, 2001, the family court issued a Protective Order in that case.
In the underlying cases, the State of Hawai`i (State) charged Goings with (1) 95 counts of Violation of a Temporary Restraining Order for Protection, in violation of Hawaii Revised Statutes (HRS) § 586-4 (Supp. 2004), in FC-CR No. 01-1-0831; (2) one count of Abuse of Family or Household Member, in violation of HRS § 709-906 (Supp. 2001), in FC-CR No. 01-1-0924; (3) five counts of Violation of an Order for Protection, in violation of HRS § 586-11 (Supp. 2007), in FC-CR No. 01-1-1055; and (4) three counts of Violation of an Order for Protection, in violation of HRS § 586-11, in FC-CR No. 01-1-1100.
Pursuant to a plea agreement with the State, Goings pled no contest on December 21, 2001 to (1) Counts 1 through 47 in FC-CR No. 01-1-0831, in exchange for which the State dismissed Counts 48 through 95; (2) Abuse of Family or Household Member in FC-CR No. 01-1-0924; (3) Counts 1 through 3 in FC-CR No. 01-1-1055, in exchange for which the State dismissed Counts 4 and 5; and (4) Counts 1 and 2 in FC-CR No. 01-1-1100, in exchange for which the State dismissed Count 3. The family court sentenced Goings to, inter alia, two years of probation and thirty days of incarceration for each charge, to be served concurrently; Developing Options to Violence program; and substance abuse assessment and compliance with the recommendations arising out of that assessment.
On November 13, 2002, the State filed in each of the underlying cases an Amended Motion to Revoke Probation (Amended Motions to Revoke). The State alleged that Goings had violated the terms of his probation by violating the Protective Order on May 28, 2002 (FC-CR No. 02-1-0203) and September 19, 2002 (FC-CR No. 02-1-0461) and the family court had convicted Goings of the violations.
On June 5 and June 12, 2003, the family court heard the Amended Motions to Revoke and the sentencing arguments for FC-CR No. 02-1-0461. Goings was represented by David Cain (Cain) at both hearings. The family court received into evidence, over Cain's objection, certified copies of the Judgment of Probation/ Entry of Notice for FC-CR Nos. 01-1-0831, 01-1-0924, 01-1-1055, and 01-1-1100 and the sealed and certified minutes in FC-CR XX-X-XXXX. The State presented evidence that in FC-CR Nos. 02-1-0203 and 02-1-0461 Goings had been represented by counsel. The family court received into evidence a certified copy of the Judgment of Probation and the Clerk's Minutes in FC-CR No. 02-1-0203. Kim Cuadro, Goings' probation officer, testified that Goings had been served with a copy of the terms and conditions of his probation in the underlying cases and she had reviewed the terms and conditions with Goings. Her recommendation was that the family court sentence Goings to one year of incarceration and no probation.
After the conclusion of the presentation of evidence, the family court found that Goings had been convicted in FC-CR No. 02-1-0461 for violating the Protective Order by passing by his ex-wife's house and waving to his son, Goings had been represented by counsel, and it was Goings' second violation of the Protective Order. The family court concluded that the conviction was a substantial and material breach of the terms and conditions of Goings' probation. The family court revoked Goings' probation in the underlying cases and imposed a sentence in FC-CR No. 02-1-0461 and re-sentences in the underlying cases of two years probation for each case, to run concurrently.
At the end of the hearing on June 12, 2008, Goings' attorney moved to withdraw, and the family court granted the motion. The family court did not appoint substitute counsel.
The Orders of Resentencing Revocation of Probation were filed on June 12, 2003.
On June 20, 2003, Goings filed a notice of appeal in FC-CR No. 02-1-0461; the Hawai`i Supreme Court dismissed the appeal (No. 25899) by Order Dismissing Appeal filed November 18, 2003.
On September 19, 2003, Goings, represented by court-appointed counsel Christopher M. Dunn (Dunn), filed Defendant's Motion to Extend Time to File Notice of Appeal in each of the underlying cases. In the motion, Dunn stated that he initially had been appointed to represent Goings in another case and knew nothing of Goings' appellate matters. When Dunn was subsequently appointed to represent Goings in the appeal of FC-CR No. 02-1-0461, he discovered that Goings had failed to file notices of appeal in the four underlying cases because Goings did not know that he had to file separate notices of appeal for each case. At a September 25, 2003 hearing, the family court granted the extensions of time to file notices of appeal in the underlying cases. Goings filed notices of appeal in the underlying cases on October 2, 2003.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Goings' points of error as follows:
Preliminarily, we address the apparent issue of jurisdiction arising out of the late filing of the notices of appeal. In criminal cases, Hawai`i Rules of Appellate Procedure (HRAP) Rule 4(b)(5) allows a family court to extend the time for filing a notice of appeal not later than 30 days after the time has expired and for no more than 30 days beyond the original deadline. In the instant case, the original deadline for filing the notices of appeal was July 14, 2003.[2] The deadline within which the family court could grant an extension and the maximum period of an extension was August 13, 2003. Goings did not file his motions to extend time to file the notices of appeal until September 19, 2003, and the family court heard the motions on September 25, 2003. The extension for filing the notices of appeal granted by the family court therefore violated HRAP Rule 4(b)(5). However, "[i]n criminal cases, [the supreme court] ha[s] made exceptions to the requirement that notices of appeal be timely filed." State v. Irvine, 88 Hawai`i 404, 407, 967 P.2d 236, 239 (1998). Because substitute counsel had not been appointed to represent Goings during the period in which the notices of appeal were due, we conclude that an exception applies to this case.
The standard of review for the granting of a motion to withdraw as counsel is the abuse of discretion standard. State v. Plichta, 116 Hawai`i 200, 214, 172 P.3d 512, 526 (2007). However, Goings concedes in the opening brief that the family court acted properly in allowing counsel to withdraw. The issue of whether or not Goings was constitutionally entitled to counsel after the probation revocation is reviewed under the right/wrong standard. See Jou v. Schmidt, 117 Hawai`i 477, 482, 184 P.3d 792, 797 (2008).
It appears from the record that Goings was represented by counsel at every proceeding. The only time that Goings did not have counsel was for the interim period following the hearing on the revocation of probation and prior to Dunn filing motions to extend time to file the notices of appeal in the underlying cases. If error occurred, it has already been rectified. The only remedy sought by Goings on appeal is reversal of the orders revoking probation and sentencing. "No order, judgment, or sentence shall be reversed or modified unless the court is of the opinion that error was committed which injuriously affected the substantial rights of the appellant." HRS § 641-16 (1993). Therefore, while the family court may have erred in not appointing counsel for Goings, the subsequent appointment of counsel rectified any possible error, and we discern no error requiring reversal or modification of the orders revoking probation and sentencing.
The standard of review for a revocation of probation is the abuse of discretion standard. State v. Yamamoto, 79 Hawai`i 511, 514, 904 P.2d 525, 528 (1995). "[W]here the record reflects justifiable cause for the revocation or the modification of probation terms, the trial court's determination will be sustained." State v. Huggett, 55 Haw. 632, 636, 525 P.2d 1119, 1122 (1974). Goings' continued and repeated flouting of the Protective Order in direct violation of the terms of his probation demonstrated a lack of rehabilitation and provided sufficient cause to justify the revocation of probation. The family court's revocation of Goings' probation in each of the underlying cases was therefore not an abuse of discretion.
Therefore,
IT IS HEREBY ORDERED that the Orders of Resentencing Revocation of Probation filed in the Family Court of the Second Circuit on June 12, 2003 in FC-CR No. 01-1-0831, FC-CR No. 01-1-0924, FC-CR No. 01-1-1055, and FC-CR No. 01-1-1100 are affirmed.
NOTES
[1] The Honorable Reinette W. Cooper presided.
[2] July 12, 2003 fell on a Saturday; therefore, pursuant to Hawai`i Rules of Appellate Procedure Rule 26, the date for filing the notices of appeal was extended to Monday, the next weekday.