**STATE OF HAWAII,** Plaintiff–Appellee, v. **ROBERT WONG,** Defendant–Appellant

NO. 15129

(CR. NO. 88–2276)

MARCH 24, 1992

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY LUM, C.J.

I.

Defendant–appellant Robert Wong (appellant) appeals the decision of the Circuit Court of the First Circuit revoking his

probation and resentencing him to a term of incarceration. The court revoked appellant's probation on account of his dangerousness after appellant failed to comply with a term of probation requiring he maintain residential treatment with the Hawaii Addiction Center (HAC) until clinically discharged. Appellant argues that under our decision in *State v. Nakamura*, 59 Haw. 378, 581 P.2d 759 (1978), Hawaii Revised Statutes (HRS) § 706–625(c) (Supp. 1991) requires willful or intentional failure to comply with a term of probation before revocation can take place. He therefore asserts that the court could not revoke his probation because the State stipulated that his expulsion from HAC was not caused by any willful or intentional acts on his part. Appellant also maintains that in making the decision to revoke, the court should not have considered his prior arrest for Abuse of Family and Household Member where that arrest had already formed the basis of an earlier resentencing decision. Finally, appellant objects to the State's failure to provide notice that there were grounds for revocation in addition to his failure to maintain residence at HAC.

We find that the circuit court had the discretion to consider appellant's dangerousness, as well as his arrest for Abuse of Household Member in determining whether appellant's failure to comply with a condition of probation was inexcusable within the meaning of Hawaii Revised Statutes (HRS) § 706–625(c). However, we remand the case for rehearing with the requirement that, pursuant to HRS § 706–625(b) (1985), appellant be afforded proper notice of the grounds for revocation.

II.

On December 21, 1988, appellant was indicted and charged with sexually assaulting a friend's 10–year–old daughter. He was found guilty and sentenced to 15 consecutive weekends of incarceration and five years probation. Among the conditions of

appellant's probation were that he remain arrest and drug–free, and that he submit to treatment in a residential or outpatient mental health program until clinically discharged.

In May of 1990 appellant was arrested for the offense of Abuse of Household Member in violation of HRS § 709–906, and in June 1990, was convicted of Driving Under the Influence in violation of HRS § 291–4. The State subsequently filed a motion to revoke probation. At the hearing, appellant notified the court that he had been accepted by the Hawaii Addiction Center, a residential drug and alcohol treatment program. The court did not revoke his probation; instead, he was resentenced to a new term of probation under the same conditions as his previous sentence, with the additional condition that he maintain residential treatment in HAC until clinically discharged.

When the HAC discovered his sexual offense conviction appellant was terminated from the program. The State filed a second motion for revocation, alleging as the sole basis, that appellant had failed to maintain treatment at HAC until clinically discharged. At the hearing the State stipulated that appellant had not been terminated from the program through any willful or intentional actions of his own. The court heard testimony that appellant was dangerous because he was very likely to repeat his sexual offense and that the only appropriate treatment was through the Department of Corrections and required a year of incarceration. The State also introduced evidence that there had been a family court termination of appellant's parental rights. In addition, the court on its own motion considered appellant's arrest for Abuse of Household Member that had served as a basis for the prior revocation of appellant's probation. The circuit court, based on appellant's dangerousness to the community, found that appellant had inexcusably failed to comply with a substantial term of probation. The court revoked appellant's probation and resentenced him to concurrent terms of five and ten years of incarceration.

## III.

Appellant urges that under our decision in *Nakamura*, a court may revoke probation under HRS § 706–625(c) for inexcusable failure to comply with the terms of probation only where the failure is caused by the defendant's intentional or willful actions.[1]

Appellant reads our decision in *Nakamura* too narrowly. The defendant in *Nakamura* was unable to comply with the requirement that he enroll in Habilitat when the program rejected his application because he had visited his mother for a few hours after his release from jail contrary to a directive that he proceed directly to the program. In that case, we reversed the revocation, finding that in light of Habilitat's arbitrary rejection of defendant's application there was "a serious question as to whether the defendant *inexcusably* failed to comply" with the terms of his probation. *Nakamura*, 59 Haw. at 381, 581 P.2d at 762 (emphasis in original).

Contrary to appellant's reading of the case, the willfulness of the defendant in *Nakamura* was only one of the factors we considered in determining whether his failure to enroll in Habilitat was inexcusable within the terms of HRS § 706–628(1). In arriving at our decision we also looked to evidence showing that, aside from the failure to enroll in Habilitat, defendant's conduct was exem-

---

[1] In *Nakamura* we construed HRS § 706–628(1) (Spec. Supp. 1975) which provided:

(1) At any time before the discharge of the defendant or the termination of the period of probation or suspension of sentence, the court, if satisfied that the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or if he has been convicted of another crime, may revoke the suspension or probation and sentence or resentence the defendant, as provided in subsection (2).

HRS § 706–628 was repealed in 1985 by legislation that combined the section with others to form § 706–625. *See* Hse. Stand. Comm. Rep. No. 388, in 1985 House Journal, at 1164.

plary and "entirely consistent with the rehabilitative objectives of probation." Moreover, we considered a counselor's opinion that defendant had reevaluated his direction in life, another counselor's recommendation that probation continue, and the opinion of defendant's probation officer that the defendant could function satisfactorily in the community without participating in Habilitat. *Id.* at 381, 581 P.2d at 762. Thus, in addition to defendant's willfulness, *Nakamura* also considered the rehabilitative and protective objectives of probation relevant to determine whether defendant's failure to enroll in Habilitat was inexcusable.[2]

We believe *Nakamura* is entirely consistent with legislative intent in enacting HRS § 706–625. The section provides in pertinent part:

(a) The court . . . may revoke probation, reduce or enlarge the conditions of a sentence of probation, pursuant to the provisions applicable to the initial setting of the conditions and the provisions of section 706–627.

. . . .

(c) The court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or has been convicted of a felony. The court may revoke the

---

[2] Our decision in *Nakamura* was also based on the conclusion that revocation as well as the imposition of a five year term of incarceration was unduly harsh under the circumstances. *Id.* at 382, 581 P.2d at 763. We quoted the following language from *State v. Hugget*, 55 Haw. 632, 639, 525 P.2d 1119, 1124 (1974):

"Even absent a completely satisfactory showing of justification for the defendant's overall conduct, a term of imprisonment as a special condition of probation, if at all warranted, should be commensurate with the ends of justice sought to be attained, considering the best interests of both the public and the defendant."

Although the record before us provides some basis for questioning whether the sentence of incarceration imposed by the circuit court was justified, we decide this case on other grounds.

> suspension of sentence or probation if the defendant has
> been convicted of another crime other than a felony.

It is not clear from the language of this section to what extent, if any, the legislature intended to restrict a court's decision to revoke probation.

In interpreting statutes the primary duty of this court is to ascertain and give effect to legislative intent. The fundamental starting point for interpreting a statute is the language of the statute itself. *State v. Briones*, 71 Haw. 86, 92, 784 P.2d 860, 863 (1989). HRS § 1–16 (1985) provides that "[l]aws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another."

The legislature's intent in enacting the probation provisions of chapter 706 may be clearly discerned when the statutes themselves are examined. HRS § 706–625 requires that a court deciding whether to impose probation shall consider the sentencing objectives set forth by the legislature under § 706–606 (Supp. 1991). These objectives include protection of the public, provision of just punishment, deterrence, and rehabilitation.[3] It is further evident that the legislature considers probation a privilege which must not be awarded under circumstances where there is an undue risk of harm to the community, where the rehabilitative objectives of probation will not be met, or where punitive and deterrent objectives outweigh rehabilitative concerns. For example, the authority to grant probation is termed the "[a]uthority to withhold [a] sentence of imprisonment;"[4] a court may not award probation to defendants convicted of the more serious felony offenses;[5] a majority of the factors which a court must consider in deciding whether to grant

---

[3] HRS § 706–606(2).

[4] HRS § 706–620 (Supp. 1991).

[5] *Id.*

probation, are relevant to determine whether the defendant will be amenable to rehabilitation or likely to repeat his crime;[6] and the mandatory conditions of probation enable the State to closely monitor the activities of the defendant and include the condition that the defendant shall not commit another crime during the term of probation.[7]

Appellant's construction of § 706–625 would not fully address the legislature's concerns in enacting the probation statutes. A defendant's willfulness is an indicator of culpability, and would be relevant solely on whether a court adequately considered the legislature's punitive and deterrent objectives. Appellant's construction would frustrate the legislature's protective and rehabilitative purposes by making it impossible for the court to revoke probation where there exist no appropriate rehabilitative programs in the community or where the defendant poses an unreasonable threat of harm to the community, so long as the defendant has not intentionally violated any of the terms of probation. Such a limitation would further frustrate the objectives of the legislature by providing a strong disincentive for courts to exercise their discretion to withhold sentences of incarceration and grant probation.

Therefore, we hold that under HRS § 706–625(c) and this court's decision in *Nakamura* the circuit court was not limited to an assessment of appellant's culpability and could properly consider evidence of appellant's dangerousness, including his prior arrest for Abuse of Household Member, in determining whether failure to continue residential treatment in HAC was inexcusable.

## IV.

Appellant also argues that he had no notice that the court would be considering grounds for revocation other than his failure to maintain residence at HAC.

---

[6] HRS § 706–621 (Supp. 1991).

[7] HRS § 706–624 (Supp. 1991).

HRS § 706–625(a) and (b) provides:

(a) [T]he court, on application of a probation officer, the prosecuting attorney, the defendant, or on its own motion, after a hearing, may revoke probation . . . .

(b) The prosecuting attorney, the defendant's probation officer, and the defendant shall be notified . . . in writing of the time, place, and date of any such hearing, and of the grounds upon which action under this section is proposed.

Appellant was served with a copy of State's affidavit in support of its motion to revoke, which stated that he had:

violated said terms and conditions of his probation in the following manner:

a. That on or about August 3, 1990, the Defendant was terminated from the Hawaii Addiction Center, before clinically discharged.

Under *Nakamura*, the mere fact of appellant's discharge from HAC, with nothing else, would be an inadequate basis upon which to revoke his probation. HRS § 706–625(b) required that appellant be informed of the grounds for revocation in addition to the mere fact of his discharge from the drug treatment program that supported the State's motion for revocation. Thus, we vacate the order revoking appellant's probation and remand the case for rehearing upon the State's providing proper notice under HRS § 706–625(b).

*Jocelyn Abanes* (*Emmanuel G. Guerrero* and *Theodore Y.H. Chinn* on the briefs and *Noelle M.K.Y. Kahanu*, Defender Intern, assisting on the brief), Deputy Public Defenders, for defendant–appellant.

*Alexa D.M. Fujise*, Deputy Prosecuting Attorney (*Jan Lum–Akana*, Law Clerk on the brief) for plaintiff–appellee.