922 P.2d 1054

**STATE of Hawai'i, Plaintiff–Appellee,**

**v.**

**Mark A. LAZAR, Defendant–Appellant.**

**No. 17946.**

Intermediate Court of Appeals of Hawai'i.

Aug. 28, 1996.

Certiorari Denied Sept. 17, 1996.

Charles H. Brower (Brower & Brower, of counsel), on the briefs, Honolulu, for defendant-appellant.

Craig T. Masuda, Deputy Prosecuting Attorney, County of Hawai'i, on the brief, Hilo, for plaintiff-appellee.

Before BURNS, C.J., and WATANABE and KIRIMITSU, JJ.

BURNS, Chief Judge.

Defendant–Appellant Mark Lazar (Lazar) appeals the circuit court's March 1, 1994 Order of Resentencing which revoked his probation and sentenced him to imprisonment for a term of not more than ten years. We affirm.

## FACTS

The circuit court's August 25, 1992 Judgment, which followed Lazar's no-contest plea, convicted Lazar of the reduced charge of Commercial Promotion of Marijuana in the Second Degree, Hawai'i Revised Statutes (HRS) § 712–1249.5, and sentenced him to five years' probation in lieu of ten years' imprisonment. One of the special conditions of probation was the following:

B. You shall enter and remain in the Habilitat program until clinically discharged. If you leave the program without being clinically discharged or for any other reason, then you will be resentenced to ten years['] incarceration.

Lazar entered the Habilitat program on August 27, 1992. He had been informed before he entered the program that his communication with persons outside of the program while he was in the program would be completely suspended for the first two months and significantly restricted thereafter. As a result, he had minimal contact with his wife and three young children while he was in the program.

Prior to July 1993, Lazar's wife informed the Habilitat staff that she intended to divorce Lazar. In July 1993 she filed for a divorce. Lazar testified that he first found out that his wife was seeking a divorce "right before they served me the divorce papers. I'm not sure the exact month." On September 3, 1993 the Habilitat staff presented Lazar with a proposed divorce decree to sign. Lazar signed it.

On November 23, 1993 Lazar was charged with violating Habilitat rules by talking about sex with other Habilitat participants. One of the punishments imposed was the suspension of his communication privilege for one to two months. This punishment postponed an opportunity Lazar had anticipated to call his ex-wife. A few days later, Lazar left the program without permission and flew to Hilo.

Upon arriving in Hilo, Lazar went directly to see his ex-wife. She was then pregnant with another man's child. The following week Lazar contacted his probation officer and his lawyer. The Hilo police refused his attempt to turn himself in because they had no warrant for his arrest. He then returned to O'ahu, found employment, and lived with his parents.

Lazar was arrested on February 9, 1994. After the March 1, 1994 hearing on the

State's February 2, 1994 motion for revocation of probation and to resentence, the circuit court found that Lazar "ha[d] inexcusably failed to comply with a substantial requirement of the Judgment setting forth the terms and conditions of probation" and sentenced him to imprisonment for not more than ten years.

## DISCUSSION

In this appeal, Lazar contends that the circuit court's revocation of his probation was an abuse of its discretion. In his view,

> the resentencing of Mark A. Lazar to 10 years was a harsh result given the compelling circumstances which caused him to leave the Habilitat program to go to the Island of [Hawai'i] to see his family.

■ In the absence of a statute specifying a different standard of review, a trial court's decision revoking probation will not be disturbed on appeal absent an abuse of judicial discretion. *State v. Huggett,* 55 Haw. 632, 635, 525 P.2d 1119, 1122 (1974). To constitute an abuse of discretion, it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a litigant. *State v. Sacoco,* 45 Haw. 288, 292, 367 P.2d 11, 13 (1961).

■ In Lazar's case, an applicable statute specifies a different standard of review. HRS § 706–625(3) (Supp.1994) specifies that "[t]he court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order[.]" *See State v. Nakamura,* 59 Haw. 378, 380, 581 P.2d 759, 762 (1978).

■ The circuit court's decision that Lazar failed to comply with a substantial requirement imposed as a condition of the order is a finding of fact that is not clearly erroneous. The circuit court's decision that Lazar's failure to comply was inexcusable is a conclusion of law that is right. Lazar understood both the terms of his probation and the nature of the Habilitat program before he entered the facility. While the circumstances surrounding his case are unfortunate, Lazar made a conscious and willful decision to fail to comply with a substantial requirement imposed as a condition of his probation and thereby exposed himself to the revocation of his probation.

■ In light of Lazar's failure at Habilitat, the circuit court's options were limited. HRS § 706–625(e) (1993) specifies that "[w]hen the court revokes probation, it may impose on the defendant any sentence that might have been imposed originally for the crime of which the defendant was convicted." In our view, the circuit court's imposition of a sentence of imprisonment for not more than ten years was not an abuse of its sentencing discretion.

## CONCLUSION

Accordingly, we affirm the circuit court's March 1, 1994 Order of Resentencing.