**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000350
04-SEP-2025
07:59 AM
Dkt. 51 SO**

NOS. CAAP-23-0000350 and CAAP-24-0000006
(consolidated)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MALIALEI S. JAHAD, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NOS. 1DCW-20-0001522 and 1DCW-20-0001634)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Guidry, JJ.)

Defendant-Appellant Malialei Jahad (**Jahad**) appeals from the District Court of the First Circuit, Honolulu Division's (**District Court**),[1] April 21, 2023 Notice of Entry of Judgment and/or Order in 1DCW-20-0001522 and April 21, 2023 Notice of Entry of Judgment and/or Order in 1DCW-20-0001634 (**Orders Setting Aside DANC Plea**), entered in favor of Plaintiff-Appellee State of Hawaiʻi (**State**).

Jahad raises two points of error on appeal, contending that the District Court erred when: (1) it found that Jahad had received notice of the terms and conditions of deferral, and subsequently granted the State's motion to set aside; and (2) it

---

[1] The Honorable Harlan Y. Kimura presided in both cases.

granted the State's motions to set aside deferral for violations that were not alleged in writing.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Jahad's points of error as follows:

(1)  Jahad argues that "[a] defendant whose motion for deferral is accepted must be given a written copy of the terms and conditions of deferral to satisfy notice requirements" and that "[w]hen formal notice requirements of a deferral are not met because a defendant is not given a written copy of the terms and conditions, the setting aside of that deferral constitutes both a statutory and constitutional violation and, therefore, is prohibited."  This argument has merit.

The Hawaiʻi Supreme Court has held that "under HRS § 853-1 (1993 & Supp. 2007), referring to a [deferred acceptance of guilty plea (**DAGP**)], and incorporating HRS § 706-624 (1993 & Supp. 2007), pertaining to probation, the defendant must be given a written copy of the conditions imposed pursuant to his or her DAGP." State v. Shannon, 118 Hawaiʻi 15, 17, 185 P.3d 200, 202 (2008) (footnotes omitted).  While this case involves a deferred acceptance of nolo contendere (**DANC**) plea, the granting of deferral is authorized by Hawaii Revised Statutes (**HRS**) § 853-1 (2014),[2] which applies to both DAGPs and DANC pleas.

---

[2]      HRS 853-1 states:

> **§ 853-1  Deferred acceptance of guilty plea or nolo contendere plea; discharge and dismissal, expungement of records.**  (a) Upon proper motion as provided by this chapter:

(continued...)

Specifically, HRS § 853-1 (b) authorizes deferral supervision conditions by reference to HRS 706-624 (2014), which governs conditions of probation.  The supreme court has held that "the tolling provisions under HRS § 706-627 apply to deferral periods pursuant to a DAG plea," and thus, these statutory sections are applicable to deferral of a DANC plea.  See State v. Kaufman, 92

---

[2](...continued)

    (1)    When a defendant voluntarily pleads guilty or nolo contendere, prior to commencement of trial, to a felony, misdemeanor, or petty misdemeanor;

    (2)    It appears to the court that the defendant is not likely again to engage in a criminal course of conduct; and

    (3)    The ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law,

the court, without accepting the plea of nolo contendere or entering a judgment of guilt and with the consent of the defendant and after considering the recommendations, if any, of the prosecutor, may defer further proceedings.

    (b)    The proceedings may be deferred upon any of the conditions specified by section 706-624.  As a further condition, the court shall impose a compensation fee pursuant to section 351-62.6 and a probation services fee pursuant to section 706-648 upon every defendant who has entered a plea of guilty or nolo contendere to a petty misdemeanor, misdemeanor, or felony; provided that the court shall waive the imposition of a compensation or probation services fee, if it finds that the defendant is unable to pay the compensation or probation services fee.  The court may defer the proceedings for a period of time as the court shall direct but in no case to exceed the maximum sentence allowable; provided that, if the defendant has entered a plea of guilty or nolo contendere to a petty misdemeanor, the court may defer the proceedings for a period not to exceed one year.  The defendant may be subject to bail or recognizance at the court's discretion during the period during which the proceedings are deferred.

    (c)    Upon the defendant's completion of the period designated by the court and in compliance with the terms and conditions established, the court shall discharge the defendant and dismiss the charge against the defendant.

    (d)    Discharge of the defendant and dismissal of the charge against the defendant under this section shall be without adjudication of guilt, shall eliminate any civil admission of guilt, and is not a conviction.

    (e)    Upon discharge of the defendant and dismissal of the charge against the defendant under this section, the defendant may apply for expungement not less than one year following discharge, pursuant to section 831-3.2.

Hawaiʻi 322, 329-30, 991 P.2d 832, 839-40 (2000).  Finally, HRS § 706-624 (3) states, in pertinent part,

> (3)  Written statement of conditions.  The court shall order the defendant at the time of sentencing to sign a written acknowledgment of receipt of conditions of probation.  **The defendant shall be given a written copy of any requirements imposed pursuant to this section**, stated with sufficient specificity to enable the defendant to comply with the conditions accordingly.

(Emphasis added).

Here, nothing in the record establishes that Jahad received a written copy of the terms and conditions of probation. In fact, it was explicitly established via the probation officer's testimony that, because Jahad's sentencing occurred when COVID restrictions were in place, she could not and did not visit Jahad to "review all the forms, the special and mandatory conditions of probation," and she could not and did not receive a signature from Jahad that showed that Jahad acknowledged said terms.  In 1DCW-20-0001522, proposed terms and conditions were eventually filed on January 29, 2021, and the signed order, including terms and conditions, was filed on February 3, 2021. However, while the order was filed, there is no evidence in the record that written copies of the terms and conditions were given to Jahad; in 1DCW-20-0001634, there is also nothing in the record to show that Jahad received the written copies of the terms and conditions.

Based on the record, and as acknowledged by the State, the District Court clearly erred in finding that Jahad had received notice of the terms and conditions of deferral.

(2)  Jahad argues that "[t]he revocation of Jahad's deferral violated her due process and statutory rights because it was based on conduct that was not alleged in the motions to set

4

aside deferral."  Additionally, Jahad argues that the motions to set aside deferral filed in 1DCW-20-0001522 and 1DCW-20-0001634 alleged the same single violation:  that "Defendant failed to obtain a substance abuse assessment and/or treatment until clinically discharged."  Jahad submits that because the District Court assigned no fault for Jahad's inability to obtain a substance abuse assessment and/or treatment, the District Court abused its discretion by granting the State's motions on other grounds not raised in the motions - namely, that "Jahad was to have reported to the probation office as soon as she was released from custody," and also that Jahad left the jurisdiction of Oʻahu even though she was prohibited from doing so.  This point of error also has merit.

The supreme court has held that "[d]ue process mandates that factual information upon which revocation is sought be provided to the defendant, inasmuch as '[t]he question of whether the defendant should be sentenced to imprisonment or to probation is no less significant than the question of guilt[.]'  A defendant, threatened with the loss or change of probation status, must be given the same procedural protections afforded at the time of original disposition [,*i.e.*, sentencing]."  State v. Durham, 125 Hawaiʻi 114, 125-26, 254 P.3d 425, 436-37, amended on reconsideration in part, 125 Hawaiʻi 249, 258 P.3d 946 (2011) (cleaned up); see also State v. Wong, 73 Haw. 81, 829 P.2d 1325, opinion amended on reconsideration, 73 Haw. 625, 831 P.2d 935 (1992).

Here, like in Durham and Wong, Jahad was given notice via two motions to set aside DANC plea, both containing a single

ground for revocation: that "Defendant failed to obtain a substance abuse assessment and/or treatment until clinically discharged." However, the District Court relied on additional findings to support the granting of the State's motions, stating that "[Jahad] was to have reported to the probation office as soon as she was released from custody [and that she did not]," and also that Jahad was "prohibited from leaving the jurisdiction of Oahu," and thus "for all those reasons, there is a preponderance of the evidence that the allegations in the motion to set aside [DANC plea] has been proved."

Jahad did not receive notice of the additional grounds for the granting of the State's motions. Therefore, the District Court abused its discretion in granting the State's motion to set aside the DANC plea.

For these reasons, the District Court's April 21, 2023 Orders Setting Aside DANC Plea are vacated and this case is remanded to the District Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, September 4, 2025.

On the briefs:

Seth Patek,
Deputy Public Defender,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge