**Billie Joe HELTON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19435.**

United States Court of Appeals
Fifth Circuit.

May 9, 1962.

Charles W. Tessmer, Dallas, Tex., for appellant.

Barefoot Sanders, U. S. Atty., B. H. Timmins, Jr., Asst. U. S. Atty., Dallas, Tex., for appellee.

Before HUTCHESON, RIVES and BELL, Circuit Judges.

PER CURIAM.

Appellant, represented by counsel of his own selection, pleaded guilty to two counts of an indictment. Count One charged him with having devised a scheme to defraud and for using the mails, in violation of 18 U.S.C. § 1342, while Count Two charged him with violating 18 U.S.C. § 1341. He was sentenced on each count to serve three years, sentences to run concurrently. After

sentence, he filed a motion to reduce the sentence. That motion overruled, he has appealed from the order, claiming that the sentence was invalid because the district judge did not fully explain the nature of the charges against him and that the sentence was too heavy and should be reduced.

A reading of the record shows that these claims are completely without merit. The record shows that the district judge inquired very carefully of the defendant whether he understood the charge against him and was pleading voluntarily, and he stated that he understood the charge and wanted to plead guilty because he was guilty.

The nature of the charge was fully explained in open court to the defendant. The record of the defendant showing him to have had several prior convictions was read to the district judge. Before the judge pronounced sentence, he asked the defendant if he wanted to say anything in his own behalf, and the defendant made a statement endeavoring to excuse and explain away his prior felony convictions and asking the court to show him leniency, but not claiming that he was not guilty or that he did not understand the nature of the case against him. It is quite clear, then, that on this record there is no merit in the claim now made by the appellant that the sentence was imposed on him in violation of due process.

As to his claim that the sentence was excessive because he was sentenced on two counts instead of one, the claim disappears in the face of the fact that the two sentences were made to run concurrently and of the further fact that the district judge made a notation on his docket that he would not oppose probation for the defendant at any time that the Board desired to grant it.

The claim that the sentence was too severe and that it ought to be reduced presents nothing for our review since an appellate court may not supervise and direct the quantum of a sentence. The appellant, however, still has the right after the judgment is affirmed to apply to the district judge for relief, and the district judge will have the right if he is so advised to modify his sentence.

The appeal, therefore, presents nothing of substance and the judgment is

Affirmed.