**UNITED STATES of America,**
**Appellee,**

v.

**Herman L. TAYLOR, Appellant.**

**No. 8937.**

United States Court of Appeals
Fourth Circuit.

Argued March 25, 1963.

Decided June 5, 1963.

L. W. Holt, Norfolk, Va. (David Y. Klein, Detroit, Mich., Simon Lawrence Cain, Washington, D. C., and Melvin Wulf, New York City, on brief), for appellant.

William H. Murdock, U. S. Atty. (Louis F. Oberdorfer, Asst. Atty. Gen., Joseph M. Howard and John M. Brant, Attys., Dept. of Justice, on brief), for appellee.

Before BOREMAN, BRYAN and BELL, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge.

Probation, after convictions of tax offenses, was granted Herman L. Taylor on condition that he pay fines of $20,000.00 within a specified time. For his failure to do so, the District Court revoked the probation and ordered executed the sen-

tences of imprisonment previously passed on him but suspended during probation. Appealing, Taylor maintains that his probation was not revocable for non-payment of the fines because the default was not neglectful or wilful but due solely to his inability to raise the money.

Taylor's crimes are described in our opinion affirming his convictions. United States v. Taylor, 4 Cir., 305 F.2d 183, cert. denied, 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126 (1962). On remand the District Judge deleted an earlier probation requirement of payment of taxes. Combined, then, the sentences consisted of imprisonment for a period of two years and fines of $20,000.00. Execution of the prison commitment was suspended, and Taylor placed on probation for five years, upon the condition that he pay the fines on or before the expiration of 30 days after the Supreme Court disposed of his petition for certiorari. It was denied finally December 17, 1962.

With no compliance by January 18, 1963, Taylor was arrested as a probation violator. A hearing followed on January 31. The Court found he had broken his probation in not discharging the fines. Further respite was recalled and Taylor was committed to serve the original term of two years.

At the hearing the testimony for the Government was exclusively to the fact of non-performance of the stipulation; for the probationer, evidence was offered to establish a bona fide effort to observe the obligation and to attribute failure to poverty alone. His proof, Taylor argues, was unrefuted and required a finding of an inescapable, unintended breach, rendering revocation an abuse of discretion. Whether the District Judge acted under the belief that the cause of Taylor's remissness was immaterial—that the naked dereliction was enough—or that the evidence did not uphold his assertion of bona fides, is not clear.

 The Government prefaces its argument for affirmance with two contentions: first, that Taylor cannot now question the fines as exceeding his financial ability, because he did not assign that point on the appeal from his convictions; and, secondly, that Taylor having accepted probation in December 1961, when sentenced, cannot now be heard to deny the commensurate fairness of the fines. The ready answer to the first argument is that the quantum of a sentence, if within the statutory limit, as are the sentences here, cannot be disturbed by the appellate court. Helton v. United States, 302 F.2d 558, 559 (5 Cir. 1962); Shepard v. United States, 257 F.2d 293, 294 (6 Cir. 1958); United States v. Rosenberg, 195 F.2d 583, 603–609 (2 Cir.), cert. denied, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 652 (1952); Ong v. United States, 131 F.2d 175 (4 Cir. 1942). Consequently, an appeal on the ground that the $20,000.00 was unjust would have been in vain. Adequate rejoinder to the Government's second contention is that Taylor relies upon his impecunious state in 1963 when defaulting, not in 1961 when probationed.

██ The main reliance of the Government on this appeal is the proposition that as the fine was authorized by law, there was no abuse in its levy or in making its payment a condition absolute. Bare non-payment would, on this basis, be conclusive of disobedience of the probation terms. We disagree. If actually Taylor endeavored in good faith, though in vain, to keep the commandment of the orders, his unsuccess would not subject him to the imprisonment as of course. Bald failure would not necessarily be a transgression. Decisive is his earnestness and effort to fulfill the proviso, as we read the probation statute, 18 U.S.C. § 3651 et seq. Revocation rests in the sound discretion of the trial court, but it is to be justifiably exercised. Burns v. United States, 287 U.S. 216, 222–223, 53 S.Ct. 154, 77 L.Ed. 266 (1932); Hamilton v. United States, 219 F.2d 364 (10 Cir. 1955); Hollandsworth v. United States, 34 F.2d 423, 428 (4 Cir. 1929). If in reality he was too poor to pay, not to blame for it, and sincere in the try, his probation is not beyond redemption.

**342**

■ Backing this conclusion is the spirit of § 3569 of Title 18 U.S.C. directing the release after 30 days, on a pauper's oath, of any Federal prisoner committed for non-payment of a fine. The obvious Congressional aim in this statute would be defeated if continued incarceration for an unpaid fine, despite inability to make it good, could be enforced through imposing a fine as an inexcusable condition of probation. Here, for example, the convict could be confined for 2 years for the unsatisfied amercement, if penury is not to be counted.

■ It may be that the District Judge did consider the question of Taylor's capacity to pay and, having in mind the evidence produced on his trial, found against his claim of indigence. There it was proved, as our prior opinion notes, 305 F.2d at 186, that Taylor was well educated, a practicing lawyer, a teacher of law, and making a substantial professional income. Other material assets were disclosed by Taylor's evidence at the revocation hearing. The District Judge may have thought also that Taylor evinced no honest desire to raise the money. But, as previously mentioned, we are not certain from the record of the basis for the revocation.

■ In the circumstances, we cannot say that the District Court went beyond the limits of fair discretion. But for clarification, the plea of pauperism should be further explored, with evidence taken from the United States as well as on behalf of the appellant. The District Judge can then make and state his findings and conclusions on the issue. F.R. Crim.P. 23(c). Even if Taylor is unable at this time to settle the entire amount, it may appear that with his training and ability, and application and industry, over the 5 years of his probation (the appeals have stayed the running of this period, F.R.Crim.P. 38(a) (4)), he could meet this obligation, although only in fixed or graduated monthly instalments. This is his moral as well as legal duty as he is pressing for the leniency and grace of the Court. Any part of the fines thereafter still owing may, of course, be enforced through recordation of the judgments as liens in the appropriate State and Federal offices as well as by other final civil process. 18 U.S.C. § 3565; Smith v. United States, 143 F.2d 228 (9 Cir.), cert. denied, 323 U.S. 729, 65 S.Ct. 65, 89 L.Ed. 585 (1944).

We will vacate the order of revocation, and remand the case to the District Court for further proceedings as herein directed.

Remanded.