**UNITED STATES of America,**
**Appellee,**

v.

**Donald A. CATES, Appellant.**

**No. 12374.**

United States Court of Appeals
Fourth Circuit.

Oct. 15, 1968.

Walter W. Brooks, Columbia, S. C., for appellant.

Klyde Robinson, U. S. Atty., Marvin L. Smith, Asst. U. S. Atty., for appellee.

Before BRYAN, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

Donald Alfred Cates appeals an order of the District Court revoking his probationary status and sentencing him to a maximum of four years' imprisonment under the indeterminate sentence provisions of 18 U.S.C. § 4208(a) (2). On the Government's motion to dismiss the appeal, which we treat as a motion for summary affirmance, we uphold the judgment of the District Court.

**474**

Convicted of auto theft, on January 27, 1967, in the United States District Court for the District of South Carolina (Hemphill, J.), appellant received a suspended sentence of four years' imprisonment and was placed on probation for five years. The probation order required that Cates maintain "good behavior" and "obey each and every direction of the United States Probation Officer." Supervision of appellant's probation, but not jurisdiction thereof, was transferred to the United States Probation Officer in Nashville, Tennessee. This officer directed that appellant was not to leave the State of Tennessee without the permission of the probation officer.

On March 12, 1968, Cates was tried as a probation violator. The allegations were that he had left Tennessee without permission and that while away, in North Carolina, had pleaded guilty to another charge of auto theft in Greensboro, North Carolina City Court on December 14, 1967, and had consequently received and served a ninety-day jail sentence. At the revocation hearing, Cates admitted that he had left Tennessee without permission, but testified that, because he had taken some pills, he did not remember either stealing a car in North Carolina or entering a guilty plea to the auto theft charge. The District Court found that appellant had violated the terms of his probation, and sentenced him to a maximum four years' imprisonment under the indeterminate sentence provisions of 18 U.S.C. § 4208 (a) (2).

 Now Cates appeals, on clearly frivolous grounds. His first contention is that, since he did not have counsel at his North Carolina trial for auto theft, that conviction could not later be used against him in the revocation proceeding. This argument falls short, however, for a valid conviction is not a prerequisite for the revocation of probation. Bernal-Zazueta v. United States, 225 F.2d 64 (9 Cir. 1955). Revocation is discretionary with the District Judge, and he need only be reasonably satisfied that a probationer has violated the terms of his release. This principle answers also Cates' second argument, that the District Court erroneously refused to consider whether he was incompetent to plead guilty to the auto theft charge because under the influence of drugs. Additionally, both of these contentions are answered by the fact that the District Court had a second basis for revoking probation. Cates admitted departure from Tennessee without permission.

 Cates puts forward a third argument, also frivolous. This is that the evidence against him at the revocation hearing was largely hearsay. Foreclosed now from making this contention because he did not object at the hearing, Cates also miscomprehends the nature of such a proceeding. A revocation hearing is an informal proceeding and rules of evidence need not be strictly observed. See United States v. Williams, 378 F.2d 665 (4 Cir. 1967).

We find no abuse of discretion by the District Court and its order will be affirmed.

Affirmed.