927 F.2d 598
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wilfred Lee TYLER, Defendant-Appellant.
 No. 90-5663.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 15, 1991.
Decided March 4, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Richard B. Kellam, Senior District Judge. (CR-87-44-NN)
 Brian D. Lytle, Hampton, Va., for appellant.
 Henry E. Hudson, United States Attorney, Robert Joseph Seidel, Jr., Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 On November 18, 1987, Wilfred Lee Tyler was convicted of possession of firearms by a convicted felon in violation of 18 U.S.C. Secs. 922(g)(1) and 924. He was confined for five months and twenty-nine days with the balance of his five-year sentence suspended. Upon release, Tyler was placed on probation for a period of five years.
 
 
 2
 On April 3, 1990, the district court granted the government's petition on probation and supervised release in ordering Tyler to show cause why probation should not be revoked. The alleged violations of his probation conditions as listed in the petition were as follows:
 
 
 3
 1. VIOLATION OF THE LAW AS EVIDENCED BY USE OF ILLEGAL DRUGS. On four different dates between August 29, 1989, and March 7, 1990, Tyler submitted urine which tested positive for ethanol, cocaine, and/or cannabinoids.
 
 
 4
 2. CONVICTION FOR SPEEDING AND FAILURE TO REPORT ARREST. On March 2, 1989, Tyler was charged in Norfolk, Virginia, with Speeding, 10 to 19 miles per Hour Above the Speed Limit. He was convicted on June 20, 1989. He did not report this arrest and answered falsely to a question on the monthly supervision questionnaire asking if he had any traffic violations or summons in that month.
 
 
 5
 3. VIOLATION OF SPECIAL CONDITION OF PROBATION THAT HE PARTICIPATE IN A DRUG ABUSE TREATMENT PROGRAM AS DIRECTED BY HIS PROBATION OFFICER. In accordance with the court's order modifying his conditions of parole to include this special condition, Tyler was referred to a treatment program on November 13, 1989. He failed to report for intake on two dates in November 1989. Between January 15 and March 15, 1990, he failed to report to submit a surprise urine sample seven times, and he failed to report for counseling three times.
 
 
 6
 Evidence of each of the above violations was introduced at Tyler's probation revocation hearing. Tyler's probation officer also testified that, after the petition was filed, his office had received at least one more lab report indicating illegal drug use.
 
 
 7
 On appeal from the probation revocation, Tyler's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he raised one argument. He claims that Tyler was denied the notice of charges and disclosure of evidence required by Fed.R.Crim.P. 32.1(a)(2)(A) and (B)* when the court allowed the probation officer to testify to instances of drug use beyond those specifically set out in the petition.
 
 
 8
 Probation may be revoked at the discretion of the court when it is reasonably satisfied that the terms of release were violated. United States v. Cates, 402 F.2d 473 (4th Cir.1968). This Court's inquiry has two components: (1) factually, whether the probationer has violated a condition of probation, and (2) whether the violation was substantial enough to warrant revocation. Black v. Romano, 471 U.S. 606 (1985).
 
 
 9
 The record reveals that Tyler deliberately broke the law by using cocaine and marijuana. He refused to attend the drug treatment program because it was an inconvenience to him, and he made a false statement on his monthly probation questionnaire about a traffic violation. The district court was clearly reasonably satisfied that Tyler had violated the conditions of his probation. See Cates, 402 F.2d at 474.
 
 
 10
 The court placed no special reliance on the evidence of drug use acquired after the petition was filed. Assuming that the district court should not have allowed this testimony, the numerous other violations were sufficient to reasonably satisfy the court that Tyler's probation should be revoked. Id. See also United States v. Dozier, 707 F.2d 862 (5th Cir.1983) (claim of error advanced by appellant left undecided by court because of independent basis for revoking probation); United States v. Rice, 671 F.2d 455 (11th Cir.1982) (same); United States v. Montanez, 554 F.2d 696 (5th Cir.1977) (same).
 
 
 11
 Accordingly, we affirm the revocation of probation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.