953 F.2d 1383
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gloria P. LUSTER, Defendant-Appellant.
 No. 91-5079.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 10, 1992.
Decided Feb. 5, 1992.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Richard L. Voorhees, Chief District Judge. (CR-90-95)
 Augustus Anninos, Norfolk, Va., Howard James Marx, St. Clair, Miller & Marx, Virginia Beach, Va., for appellant.
 Thomas J. Ashcraft, United States Attorney, Jerry W. Miller, Assistant United States Attorney, Asheville, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Gloria Luster appeals the district court's order revoking her probation for violation of a condition of release. Luster claims that the evidence introduced at the probation revocation hearing was insufficient to establish that she had violated a condition of release. Finding no error, we affirm.
 
 
 2
 * Luster made numerous telephone calls to the home of her former attorney, Ron Moore. During some of these calls she identified herself, used obscenities and threats, and made "kissing" noises; in other calls she simply made "kissing" noises or was silent. Luster called Moore's home as many as fifty times per day, speaking with Moore and with Beth Arrowood, Moore's wife. During one of the calls she threatened to kill Reverend Arthur Glenn. The calls were traced to Luster's home phone. She pled guilty to making a threatening communication in contravention of 18 U.S.C. § 875(c) (1988). On January 3, 1991, the district court sentenced Luster to three years probation,[1] and conditioned the probation on Luster's not calling Moore, Arrowood, or Glenn, whether she spoke any words to them or not.
 
 
 3
 Between January and April 1991 Moore and Arrowood received numerous telephone calls during which the caller made kissing noises but did not speak. Arrowood contacted Luster's probation officer to complain about the calls; as a result, the district court held a hearing to determine whether Luster's probation should be revoked. Moore and Arrowood both testified at the hearing, describing the calls and stating that the caller did not speak. Both Moore and Arrowood identified Luster as the caller based upon their recognition of the "kissing" noises.
 
 
 4
 The district court found that Luster had violated the terms of her probation by calling Moore and Arrowood, and that the violation warranted revocation. The court revoked Luster's probation and sentenced her to five months imprisonment and three years supervised release. Luster appealed. On appeal she claims that the district court abused its discretion in finding that she violated the terms of her probation because the evidence was not sufficient to establish that she made the calls.
 
 II
 
 5
 Probation may be revoked when the court determines that a condition of probation has been violated and that the violation warrants revocation. Black v. Romano, 471 U.S. 606, 611 (1985); Gagnon v. Scarpelli, 411 U.S. 778, 784 (1973). Revocation is discretionary with the court; the court need only be "reasonably satisfied" that the terms of release were violated. United States v. Cates, 402 F.2d 473, 474 (4th Cir.1968). "Proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation." United States v. Williams, 378 F.2d 665, 666 (4th Cir.1967). The revocation order may be reversed only if the court abused its discretion. Burns v. United States, 287 U.S. 216, 222 (1932).
 
 
 6
 In this case, Luster claims that the evidence was insufficient to show that she violated the terms of her probation. We hold that the testimony of Moore and Arrowood identifying Luster as the caller, based on Luster's numerous earlier, similar telephone calls, was sufficient to leave the district court "reasonably satisfied" that Luster made the calls, as prohibited in her conditions of release.[2] Cf. Fed.R.Evid. 901(b)(5) (voice heard over the telephone may be identified by opinion based upon hearing the voice on other occasions connecting the voice with the speaker). Therefore, the district court did not abuse its discretion in revoking Luster's probation.
 
 III
 
 7
 We affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The guidelines range for Luster's offense was eight to fourteen months imprisonment. (J.A. 33)
 
 
 [2]
 Luster relies on several cases in which a defendant's admission of commission of a crime while on probation was held sufficient to establish violation of conditions of release. She does not, however, give any compelling reason why the testimony in this case would not also be sufficient to establish a violation of her conditions of release