41 F.3d 1504
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald Wayne MILLER, Defendant-Appellant.
 No. 94-5280.
 United States Court of Appeals, Fourth Circuit.
 Submitted October 18, 1994.
Decided November 17, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Samuel G. Wilson, District Judge. (CR-92-114)
 Mark Bench Fenyk, Marion, VA, for appellant. Steven Randall Ramseyer, Office of the United States Attorney, Abingdon, VA, for appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL and MICHAEL, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 Gerald Wayne Miller appeals the judgment of the district court revoking his probation and imposing a term of imprisonment followed by supervised release. The district court found that Miller had violated the terms of his probation by driving while intoxicated in violation of state law. Miller noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Miller did not file a supplemental brief despite being informed of his right to do so. The formal brief discusses whether the district court abused its discretion by considering breath analyzer evidence which was obtained in violation of Virginia's procedural requirements for taking such evidence.
 
 
 2
 The district court did not abuse its discretion in revoking Miller's probation. Burns v. United States, 287 U.S. 216, 222-23 (1932). A judge need only be "reasonably satisfied" that the conditions of probation were violated. United States v. Cates, 402 F.2d 473, 474 (4th Cir.1968). Proof sufficient for a criminal conviction is not required to support the revocation of probation. United States v. Williams, 378 F.2d 665, 666 (4th Cir.1967). The results of the breath analyzer test, although possibly contaminated by Miller's failure to remove his dentures, were buttressed by the arresting officer's personal observations of Miller's driving and the fact that Miller failed a field sobriety test. Accordingly, despite the fact that the results of the test may be inadmissible in a state criminal proceeding, there was sufficient evidence to "reasonably satisfy" the district court that Miller had violated the terms of his probation.
 
 
 3
 Accordingly, we affirm the revocation of probation and Miller's sentence. As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED