47 F.3d 1166
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Samuel MILLER, Defendant-Appellant.
 No. 94-5243.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 24, 1995.
Decided Feb. 14, 1995.
 
 Douglas E. Kingsbery, THARRINGTON, SMITH & HARGROVE, Raleigh, NC, for Appellant. Janice McKenzie Cole, United States Attorney, Christine Blaise Hamilton, Assistant United States Attorney, Raleigh, NC, for Appellee.
 Before WIDENER and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Stephen Miller was convicted on three counts. He was sentenced concurrently to five years on the first count and ten years on the second count. Miller was sentenced to ten years on the third count with execution of the sentence suspended. Miller was to be placed on probation for five years commencing at the expiration or at the time of his release on the first two counts.
 
 
 2
 Miller's Judgment and Commitment/Probation order contained three special and six general terms of probation. The special terms were:
 
 
 3
 1. that he not violate any federal, state, or local laws;
 
 
 4
 2. that he not possess or handle any weapon; and
 
 
 5
 3. that he not associate with any organization involved in any paramilitary or subversive activity.
 
 The general terms were:
 
 6
 1. refrain from violation of any law (federal, state and local) and get in touch with your probation officer if arrested or questioned by a law-enforcement officer;
 
 
 7
 2. associate only with law-abiding persons and maintain reasonable hours;
 
 
 8
 3. work regularly at a lawful occupation and support your legal dependents, if any, to the best of your ability. When out of work you shall notify your probation office at once. You shall consult him prior to job changes;
 
 
 9
 4. not to leave the judicial district without permission of the probation officer;
 
 
 10
 5. notify your probation officer immediately of any change in your place of residence; and
 
 
 11
 6. follow the probation officer's instructions and report as directed.
 
 
 12
 On September 24, 1993, Miller was paroled; the parole period was to last until July 11, 1996, 180 days before the actual expiration of his sentence. Prior to being released, Miller was given a document from the United States District Court for the Eastern District of North Carolina, titled "Conditions Of Probation Supervision." One of the conditions listed in the document was that: "[t]he defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons." This document was reviewed with Miller by his case worker, Tim Grace, but Miller refused to acknowledge or accept it. Grace specifically told Miller to report to the probation office within seventy-two hours of his release. Prior to his release, Miller indicated that he would be staying at the Salvation Army in Fayetteville, North Carolina.
 
 
 13
 After his release, Miller served two petitions on the District Court for the Eastern District of North Carolina contesting the court's jurisdiction over him. He did not, however, contact the probation office. When Miller failed to report, the probation office unsuccessfully attempted to locate Miller at the Fayetteville Salvation Army and at the return address listed on the motions filed with the court. The occupants at the return address told the probation office that Miller had been there, but he had left without indicating where he was heading and stated that there might be people looking for him.
 
 
 14
 On October 1, 1993, the probation office filed a motion for revocation of probation citing as a violation: Failure to report in person to the Probation Office in the district of release within seventy-two (72) hours of release from custody of the Bureau of Prisons. An intensive search for Miller was initiated involving United States Marshals. On October 21, 1993, after twenty-eight days of evading capture, Miller surrendered to a television reporter and was apprehended.
 
 
 15
 Miller represented himself at his probation revocation hearing. During the hearing, Miller twice admitted that he purposely violated the reporting condition in order to preserve his right to contest the court's jurisdiction. At the conclusion of the hearing, the district court found that Miller had intentionally violated the reporting requirement and had intentionally evaded capture. The court revoked Miller's probation, ordering him to serve all ten years on the third count of his conviction.
 
 
 16
 The district court has broad discretion to revoke probation if a condition of probation has been violated. United States v. Cates, 402 F.2d 473, 474 (4th Cir.1968). The court must first determine whether the probationer has violated a condition of probation. Morrissey v. Brewer, 408 U.S. 471, 479 (1972). The district court need only be reasonably satisfied that the terms of release were violated. Cates, 402 F.2d at 474.
 
 
 17
 One of the original terms of Miller's probation was that Miller was to "report as directed." Miller was directed by Tim Grace, a federal government official acting in the course of his duties, to report to the probation office within seventy-two hours of release. A document containing this direction was reviewed with Miller and offered to him. Miller refused to accept the document and, as he admitted at his probation revocation hearing, intentionally failed to report to the probation office. In light of these facts, the district court was reasonable in its conclusion that Miller had intentionally violated the terms of his probation.
 
 
 18
 Miller's argument that his probationary period does not commence until July 11, 1996, the date he would have been released on the first two counts had he not been paroled earlier, is without merit since the Judgment and Commitment/Probation order stated that the period of probation commenced "at the expiration or at the time of his release on the first two counts." Miller's argument that the motion for probation revocation did not give adequate notice of the charged violation is also without merit since the essence of the violation was failure to report and the motion clearly stated that Miller was being charged with failing to report within seventy-two hours.
 
 
 19
 Miller also contends that since the instruction to report within seventy-two hours did not come from the court or a probation officer, the district court erred in finding that Miller "[f]ailed to report to the probation officer as directed by the court or probation officer." Although in its order, the district court may have mischaracterized Miller's violation, this does not obviate Miller's blatant disregard of the condition to "report as directed." Even though it came from Grace and not directly from the court or a probationer officer, Miller was directed to report to the probation office within seventy-two hours and Miller failed to comply. In light of the foregoing, this Court finds that the district court did not abuse its discretion in determining that Miller had violated a condition of his probation.
 
 
 20
 After the district court has found that there has been a violation, then it is within its discretion to determine whether the violation was substantial enough to warrant revocation. Black v. Romano, 471 U.S. 606, 611 (1985). Miller twice admitted during the probation revocation hearing that he intentionally ignored the reporting requirement in order to preserve his standing to contest jurisdiction. Although Miller's belief was misguided, it does not forgive his intentional violation. Miller's violation was compounded by the fact that he remained at large and intentionally evaded capture for almost a month after he was due to report. Thus, we cannot conclude that the district court abused its discretion by revoking Miller's probation for the full ten-year sentence.
 
 
 21
 Accordingly, the decision of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.
 
 AFFIRMED