61 F.3d 901
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luther BARTRUG, Defendant-Appellant.
 No. 93-5829.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 11, 1995.
Decided July 28, 1995.
 
 John A. Gibney, Jr., Jane Chittom, SHUFORD, RUBIN & GIBNEY, Richmond, VA, for appellant. Helen Fahey, United States Attorney, John C. McDougal, Special Assistant United States Attorney, Richmond, VA, for appellee.
 Before ERVIN, Chief Judge, and WILKINSON and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Luther R. Bartrug appeals from the district court's order revoking his probation and supervised release and imposing an additional term of imprisonment. We affirm.
 
 
 2
 Approximately ten months after Bartrug's release from prison, where he was serving a sentence for tax evasion, his probation officer filed a petition to revoke Bartrug's probation and supervised release. The probation officer alleged that after his release from prison, Bartrug failed to make restitution and the other scheduled payments as directed by his probation officer and failed to file income tax returns due from prior years.
 
 
 3
 After a hearing on the probation officer's motion, the district court found by a preponderance of the evidence that Bartrug violated the conditions of his probation by refusing to file income tax returns, refusing to arrange for payment of the fine and restitution imposed by the court, and continuing to defy collection efforts by the Internal Revenue Service ("IRS"). The court revoked Bartrug's probation and supervised release and sentenced him to additional concurrent terms of imprisonment totalling one year. The court specifically did not impose an additional term of supervision. Bartrug's prison sentence expired in October 1994.
 
 
 4
 On appeal, Bartrug challenges the district court's revocation of his probation and supervised release, arguing that the Government failed to show a willful violation. We find that there was sufficient evidence presented in this case from which the district court could be reasonably satisfied that Bartrug violated the conditions of his probation and supervised release. See United States v. Cates, 402 F.2d 473, 474 (4th Cir.1968); United States v. Williams, 378 F.2d 665, 666 (4th Cir.1967). Bartrug refused to meet with IRS agents to discuss his liability unless the agents responded to Bartrug's irrelevant interrogatories, and he failed to attend a meeting with IRS agents. In addition, he made only minimal payments on the obligations imposed by the court. He has also continued to deny the authority of the IRS to impose or collect taxes from him.
 
 
 5
 Having found that Bartrug violated the terms of his probation and supervised release by failing to make the required payments and failing to cooperate with the IRS, we find no abuse of discretion in the district court's decision to revoke Bartrug's term of probation and supervised release. See United States v. Stephenson, 928 F.2d 728, 731 (6th Cir.1991); United States v. Taylor, 321 F.2d 339, 341 (4th Cir.1963). Moreover, the court's revocation decision was not unduly harsh, particularly in light of the absence of persuasive evidence that Bartrug would not continue to violate the conditions of his release.
 
 
 6
 We therefore affirm the order of the district court revoking Bartrug's term of supervision and imposing a one-year sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED