**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5436

VERLIN LESLIE ENSLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CR-92-108-B)

Submitted: December 12, 1995

Decided: April 1, 1996

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen P. Lindsay, LINDSAY & HENSLEY, Asheville, North Caro-
lina, for Appellant. Mark T. Calloway, United States Attorney,
Thomas R. Ascik, Assistant United States Attorney, Asheville, North
Carolina, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Verlin Leslie Ensley ("Ensley") appeals from the district court's revocation of his supervised release. Because we find the objections raised on appeal to be without merit, we affirm the order of the district court.

Ensley pleaded guilty to one count of possession of a controlled substance. The district court sentenced him to fifteen days of incarceration, followed by a one-year term of supervised release. One of the conditions of Ensley's supervised release was that he not commit any local, state, or federal crimes.

After serving his fifteen-day jail term, Ensley was released on July 7, 1993, and began one year of supervised release. On July 5, 1994, Ensley's probation officer filed a petition to revoke Ensley's supervised release. The probation officer alleged that Ensley had violated his release conditions because he had committed the offense of breaking and entering. The notice was based on pending charges that had been filed against Ensley by state authorities.

At the revocation hearing, the Government called two witnesses: Ensley's probation officer, Russell Hensley ("Hensley"), and Swain County Deputy Sheriff Jackie Fortner ("Fortner"). Hensley testified about the procedural background leading up to the hearing and Fortner testified about the underlying offense.

Fortner testified that his department received a phone call about a possible break-in at a nearby church. When Fortner responded to the call, he found Ensley's car parked in front of the church. Fortner used his loudspeaker and asked Ensley to come out of the church. Upon receiving no response, Fortner threatened to send in a police dog. At that point, Ensley came out and Fortner placed him under arrest. Ensley was carrying a flashlight and he had a hammer in the back seat of his car. Fortner found that a window had been broken in the front of the church. Additionally, when Fortner went inside the church with the church pastor, the church pastor indicated to Fortner that a porta-

2

ble piano inside the church had been moved approximately twenty feet. Fortner testified that Ensley did not have permission to enter the church.

Based on this testimony, the district court found by a preponderance of the evidence that Ensley had violated the terms of his supervised release. The court revoked Ensley's supervised release and sentenced him to twelve months imprisonment.

Ensley first contends that because he was sentenced on May 17, 1993, his term of supervised release expired, one year later, on May 16, 1994. Ensley claims, therefore, that the district court was without authority to revoke his supervised release since the notice of violation was not filed until July 5, 1994. This claim is without merit. When Ensley was originally convicted, the district court's judgment specifically provided: "Upon release from imprisonment, the defendant shall be on supervised release for a term of 1 year." (emphasis added). Additionally, the federal statute which gives the district court the authority to place a person on supervised release, provides that the term of supervised release commences after imprisonment. See 18 U.S.C.A. § 3583(a) (West Supp. 1995) (court may include as part of sentence a term of supervised release after imprisonment). Accordingly, because the one-year term of Ensley's supervised release ran from July 7, 1993, the date he was released from prison, until July 6, 1994, Ensley was still on supervised release when the notice of violation was filed on July 5, 1994. See United States v. Barton, 26 F.3d 490, 491 (4th Cir. 1994) (revocation hearing authorized if revocation petition filed before expiration of supervised release). Further, there is no basis to Ensley's claim that his release term was improperly revoked because the notice of violation was filed five weeks after the commission of the offense.

Ensley next claims that the district court erred in considering Fortner's hearsay testimony. Ensley contends that because the Government was required to prove that he actually committed the offense and was not merely relying on a previous state conviction, Ensley was entitled to the full protection of the Federal Rules of Evidence. Federal Rule of Evidence 1101(d)(3) explicitly provides that the rules of evidence do not apply to miscellaneous proceedings such as probation revocation hearings. There is no exception for situations where the

3

Government is required to prove the offense without the benefit of a previous state conviction. Accordingly, this contention is without merit.

Finally, Ensley claims that there was insufficient evidence to support the revocation. The evidence presented in this case constituted a sufficient basis upon which the district court could be reasonably satisfied that Ensley violated the conditions of his supervised release. See United States v. Cates, 402 F.2d 473, 474 (4th Cir. 1968); United States v. Williams, 378 F.2d 665, 666 (4th Cir. 1967). Fortner, an eyewitness, testified that when he answered a call reporting a break-in, he found Ensley inside a church with a broken window without permission, carrying a flashlight at two o'clock in the morning, and the church's portable piano had been moved. This evidence was sufficient to support a finding that Ensley committed a criminal violation and, thus, violated the terms of his supervised release. Having found that Ensley violated the terms of his supervised release, the district court did not abuse its discretion in deciding to revoke Ensley's term of supervised release. See United States v. Stephenson, 928 F.2d 728, 731 (6th Cir. 1991); United States v. Taylor, 321 F.2d 339, 341 (4th Cir. 1963).

For the foregoing reasons, we affirm the order of the district court revoking Ensley's supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court.

AFFIRMED