**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                                    No. 03-4444

JULIAN SANDERS,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron M. Currie, District Judge.
(CR-94-84)

Submitted: November 7, 2003

Decided: December 15, 2003

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Julian Sanders appeals the district court's judgment revoking his term of supervised release and sentencing him to fifty-seven months' imprisonment.* Sanders's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Although counsel states that there are no meritorious issues for appeal, he argues that the district court abused its discretion by revoking Sanders's term of supervised release based on insufficient evidence. The Government elected not to file a formal brief, and Sanders filed a pro se supplemental brief. In accordance with *Anders*, we have considered the briefs and examined the entire record for meritorious issues. Finding no error, we affirm.

The relevant facts from which this appeal arises are as follows. In the early morning hours of February 1, 2003, Sanders entered the residence of his former girlfriend and mother of his child, Melissa Dingle. Also present were Dingle's two children, who were asleep, and Alex Dewayne Phillips, a friend. Dingle and Phillips were sitting on the bed in Dingle's bedroom when Sanders entered the residence and then the bedroom uninvited. Sanders sat down on the bed. Some sort of confrontation between Sanders and Phillips ensued. Phillips rose to leave. As he was walking toward the door, someone cut Phillips on the face and arm. He ran out of the residence and sought help from a neighbor. Sanders asked Dingle to take him away from the residence. Phillips underwent surgery for life-threatening injuries as a result of this incident. A protective search of the residence yielded blood residue in the kitchen sink and a knife, which had been cleaned, underneath the sink. Dingle stated the knife did not belong to her. Sanders was found hiding in the bedroom closet. Sanders invoked his right to remain silent until speaking with his attorney.

On appeal, Sanders challenges the district court's finding that Phillips's testimony was incredible. However, this Court does not weigh the evidence or review the credibility of witnesses in resolving the

---

*Sanders challenges only the revocation of supervised release. He does not appeal the sentence imposed.

issue of substantial evidence. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). Sanders further argues that testimony of Detective Troy Allen Large ("Large"), which was deemed credible by the district court, constituted unreliable hearsay. However, supervised release revocation hearings are informal proceedings in which the rules of evidence need not be strictly observed. *See United States v. Cates*, 402 F.2d 473, 474 (4th Cir. 1968) (holding hearsay admissible in probation revocation context). Thus, Large's testimony was properly considered by the district court. To the extent that Sanders's argument that such testimony was unreliable constitutes an issue of witness credibility, we do not consider it. *Saunders*, 886 F.2d at 60.

We review a district court's revocation of a term of supervised release for abuse of discretion. *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). In addition to the evidence summarized above, there was testimony from Phillips that Sanders did not cut him because Sanders was sitting on the bed at the time of the incident and that he did not know who cut him. Phillips also testified, however, that only he, Sanders, and Dingle were in the room when the incident occurred. We conclude the facts considered in their entirety support the district court's conclusion by a preponderance of the evidence that Sanders committed the assault and battery as alleged. Thus, the district court did not err by revoking Sanders's term of supervised release.

Lastly, Sanders argues that the district court erred by finding that he committed a Grade A violation under 18 U.S.C. § 3583(b). We find this argument meritless. A violation is classified as Grade A if it is:

> (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device . . . ; or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years[.]

*United States Sentencing Guidelines Manual* § 7B1.1(a)(1) (2002). Assault and battery with intent to kill is a state crime of violence punishable by a term of imprisonment exceeding one year. *See* S.C. Code

Ann. §§ 16-1-60, 16-3-320 (Law. Co-op. 1976). Thus, it is a Grade A violation.

Sanders argues that because he was not convicted of the offense, he cannot be deemed to have committed a Grade A violation for revocation of supervised release purposes. This is simply incorrect. A conviction requires proof beyond a reasonable doubt, while a violation of the terms of supervised release must be found only by a preponderance of the evidence. Moreover, Sanders argues that the evidence does not support the finding of a Grade A violation. However, for the reasons stated above, we disagree.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment revoking Sanders's term of supervised release and sentencing him to fifty-seven months' imprisonment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*