**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 06-4858**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RACHEL REED,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (7:05-cr-00079-SGW)

—————————

Submitted: February 23, 2007          Decided: March 15, 2007

—————————

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

William H. Cleaveland, WILLIAM H. CLEAVELAND, P.L.C., Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, C. Patrick Hogeboom, III, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rachel Reed appeals from the revocation of her supervised release and her twenty-four month sentence. Reed pled guilty to knowingly converting and aiding and abetting the conversion of government money in an amount exceeding $1000 pursuant to 18 U.S.C.A. §§ 641 and 642 in 2003 and was sentenced to twenty-four months of probation, including fifteen months on electronic monitoring. She was also ordered to pay approximately $23,800 in restitution. On April 25, 2006, Reed was charged with violating her probation by participating in a conspiracy to defraud the Alliance Housing Assistance Program (AHAP). Reed admitted to federal authorities that she performed acts in furtherance of the conspiracy with her boyfriend, James Bush, and issued a signed statement as to the extent of her involvement. At her revocation hearing, Bush testified on Reed's behalf, denying her involvement in the conspiracy. After giving this testimony, Bush invoked his Fifth Amendment right against self-incrimination and refused cross-examination. The district court determined that Reed violated her probation, revoked her probation and sentenced her to twenty-four months in prison.

The district court has broad discretion to revoke probation if a condition of probation has been violated. United States v. Cates, 402 F.2d 473, 474 (4th Cir. 1968). Moreover, the district court need only be reasonably satisfied that the terms of

release were violated. Id. We conclude that there was sufficient evidence, including Reed's own admissions, to support the district court's conclusion that Reed violated her probation through her involvement in a conspiracy to defraud the Alliance Housing Assistance Program. Moreover, we conclude that the district court did not abuse its discretion when it declined to find Bush's statements given on direct examination credible, considering Bush invoked his right against self-incrimination only on cross-examination. See Mitchell v. United States, 526 U.S. 314, 322 (1999).

Accordingly, we affirm the district court's order revoking Reed's probation and imposing a twenty-four month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED